UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADAM APPEL, et al.,, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Cause No. 4:05CV772SNL |
| | )**Jury Trial Demanded** |
| THE CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MOTION TO DISMISS
AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT**

Defendants St. Louis Metropolitan Police Department Board of Police Commissioners; Joseph J. Mokwa, and Robert Seeber, Jr. hereby move, pursuant to Fed.R.Civ.P. 12(b)(2), (4), and (5), to dismiss the First Amended Complaint for lack of jurisdiction over the person; insufficiency of process; and insufficiency of service of process.  Alternatively, in the event this Court does not dismiss the pleading on threshold process and jurisdictional grounds, Defendants move for more definite statement pursuant to Fed.R.Civ.P. 12(e) and for an order requiring plaintiffs to delineate causes of action against individual defendants under Fed.R.Civ.P. 10(b), and requiring a short a plain statement required by Fed.R.Civ.P. 8(a), and move to dismiss portions of the First Amended Complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) and for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

As further support for this Motion, Defendants state as follows:

1.  Plaintiff's First Amended Complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(2), (4) and (5) for lack of jurisdiction over the person; insufficiency of process; and insufficiency of service of process.  Defendants were not served with a copy of a summons and First Amended Complaint in compliance with Fed.R.Civ.P. 4.  Where a defendant is improperly served, the district court lacks jurisdiction over the defendant whether or not the defendant has actual notice of the lawsuit.  *Adams v. Allied Signal Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996).

2.  In the event this Court does not dismiss the action pursuant to Fed.R.Civ.P. 12(b)(2), (4) and (5) on service and summons grounds, this Court should enter an Order dismissing the First Amended Complaint pursuant to Fed.R.Civ.P. 8, or requiring Plaintiffs to make their Complaint more definite and certain pursuant to Fed.R.Civ.P. 12(e), to delineate independent causes of action against individual defendants pursuant to Fed.R.Civ.P. 10(b), and to set forth claims in accordance with Fed.R.Civ.P. 8(a) and (e).  Plaintiffs' shotgun pleadings asserting a range of state and federal claims against thirty-three defendants arising out of three separate incidents fails to comply with the Federal Rules governing pleadings.  "In a civil rights action as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." *Ecuadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 67 (1st Cir. 2004).  A dismissal without prejudice under Rule 8 is

within the sound discretion of this Court. *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1202 (8th Cir. 1992). Alternatively, Defendants request that this Court order Plaintiffs to submit an amended complaint in compliance with Fed.R.Civ.P. 8, 10, and 12. *See Doe v. Cassel*, 403 F.3d 986 (8th Cir. 2005) (affirming dismissal with prejudice after repeated orders to delineate defendants and identify their respective acts and omissions were disregarded).

3. Without waiving their defenses under Fed.R.Civ.P. 8, 10 and 12, Defendants move to dismiss certain claims for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) and for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

4. First, Plaintiffs lack standing to assert claims premised on events which happened to others, not to themselves. *Johnson v. State*, 142 F.3d 1087, 1090 (8th Cir. 1998). Plaintiffs repeatedly assert claims on behalf of each Plaintiff premised on events which they alleged happened to some of the Plaintiffs, but to others. Such claims must be dismissed with prejudice.

5. Second, Plaintiffs lack standing to assert claims for injunctive and declaratory relief based on allegations of harm in May 2003. Alleged past exposure to illegal conduct does not in itself show a present case or controversy affording injunctive relief. *Park v. Forest Services of the United States of America*, 205 F.3d 1034, 1037 (8th Cir. 2000).

6. Third, Plaintiffs do not state a claim of conspiracy under 42 U.S.C. §1985 upon which relief can be granted. They do not specify under which of the three

provisions of §1985 they purport to seek relief. They fail to allege any claim of conspiracy with particularity and to specifically demonstrate with material facts that the individual defendants reached an agreement among themselves to violate the plaintiffs' rights. *City of Omaha Employees' Betterment Association v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989).

7. Fourth, Plaintiffs do not state a claim under 42 U.S.C. §1986 upon which relief can be granted. Because Plaintiffs have failed to state a claim against any of the Defendants herein under §1985, a claim under §1986 cannot exist. 42 U.S.C.§1985; *Depugh v. Sutton*, 917 F.Supp. 690, *aff'd* 104 F.3d 363 (8th Cir. 1996). But beyond this failure, Plaintiffs' claim for relief under §1986 is barred by the one year statute of limitations for such claims. 42 U.S.C. §1986.

8. Defendants are entitled to qualified immunity on all of Plaintiffs' claim under 42 U.S.C. §§1983 and 1985. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Bisbee v. Bey*, 39 F.3d 1096, 1101 (10th Cir. 1994), *cert. denied*, 515 U.S. 1142, 115 S.Ct. 2577, 132 L.Ed.2d 827 (1995). To the extent Plaintiffs seek to impose damages against Defendants in their official capacities under either §1985 or §1983, Defendants are entitled to Eleventh Amendment immunity. *Will v. Michigan Department of State Police*, 491 U.S. 58, 70-71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989); *Lajoie v. Connecticut State Board of Labor Relations*, 837 F.Supp. 34, 41 (D.Conn. 1983) (§1985); *An-Ti Chai v. Michigan*, 493 F.Supp. 1137, 1162 (D.Md. 1980) (§1985).

9. Defendants are entitled to sovereign immunity and official immunity, and are

        shielded from damages by the public duty doctrine, on Plaintiffs' state law claims. R.S.Mo.§537.600 (sovereign immunity statute); *Green v. Denison*, 738 S.W.2d 861, 865 (Mo. banc 1987) (official immunity and the public duty doctrine are not matters of affirmative defenses, but serve to delineate the legal duty which the defendant official owes to the plaintiff).

10.    As further support for this Motion, Defendants incorporate by reference their Memorandum of Law in Support of Motion to Dismiss and Alternative Motion for More Definite Statement, filed simultaneously herewith.

WHEREFORE, Defendants respectfully request that this Court issue its Order dismissing the First Amended Complaint; or alternatively, requiring the Plaintiffs to make their claims more definite and certain; awarding Defendants their costs and attorneys' fees incurred herein; and for such other relief as this Court deems just.

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

/s/ *Denise L. Thomas*

_____
Denise L. Thomas, #4538
Assistant Attorney General
<u>Mailing Address:</u>
Laclede Gas Building
720 Olive, Suite 2150
St. Louis, Missouri  63101

<u>Hand Delivery to:</u>
Wainwright Building
111 N. 7th Street, Ste. 934
St. Louis, MO  63101
(314) 340-7861 telephone
(314) 340-7029 facsimile
*Attorneys for Defendants Board of Police Comm'rs, Mokwa, and Seeber*

## CERTIFICATE OF SERVICE

      A copy of the foregoing was mailed, first class, postage prepaid this _29th___ day of *June*, 2005, to:

Rory Ellinger
Ellinger & Associates, P.C.
797 W. Terra Lane
O'Fallon, Missouri 63366
*Attorney for Plaintiffs*

William Quick, Esq.
7751 Carondelet, Suite 403
Clayton, Missouri 63105
*Attorney for Plaintiffs*

__/s/ *Denise L. Thomas*