## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

ADAM APPEL, DAVID BAILEY,                           )
 JEFF CAPLAN, ERIC CARTER,                          )
TRINITY CROSS,  MOLLY DUPRE,                        )
ART FRIEDRICH, ERIK GILLIARD,                       )     Case No.: 4:05CV772 SNL
CLAIRE GILLIS, DANIEL GREEN,                        )
MARY HASTINGS, JABARI JONES,                        )
JOSEPH LOCEY, ESLAO LUDWIG                          )     **JURY TRIAL DEMANDED**
BEN MAJCHRZAK, JUAN MARTINEZ,                       )
KELLEY MEISTER,                                     )
CHELIE MURRAY-CHEVRIAR,                             )
KENNETH NEVILLE, ERIN RUDDELL,                      )
THOMAS SHAVER, DEBORAH SHOVAL,                      )
ALISTAIR STEWART, ERIC THOMAS                       )
CELESTE VERHELST.                                   )
                                                    )
            Plaintiffs,                             )
                                                    )
v.                                                  )
                                                    )
THE CITY OF ST. LOUIS,                              )
ST. LOUIS METROPOLITAN POLICE                       )
DEPT. BOARD OF POLICE COMMISSIONERS:  )
MARY E. NELSON, Pres.                               )
SUSAN C.J. ROLLINS, V.P.,                           )
BART SARACINO, Purch. Member                        )
MICHAEL J. QUINN, Treas.                            )
HON. FRANCIS G. SLAY,                               )
                                                    )
MARY A. HART, Zoning Administrator                  )
LYLE MANNINGER, Chief Plan Examiner                 )
ROOM 400                                            )
1200 MARKET                                         )
ST. LOUIS, MO 63103,                                )
ST. LOUIS HOUSING INSPECTOR                         )
JOHN MacENULTY,                                     )
                                                    )
ST. LOUIS HOUSING INSPECTOR                         )
DENNIS MELTON,                                      )
                                                    )
serve at:  City Hall, Room 400                      )
              1200 Market Street                    )
              St. Louis, MO 63103                   )
                                                    )
ST. LOUIS POLICE OFFICERS:                          )

POLICE CHIEF JOSEPH J. MOKWA,     )
     )
ROGER ENGELHARDT, DSN 3786,     )
2137 SUBLETT, ST. LOUIS, MO 63139,     )
     )
ROBERT SEEVER, JR., SOUTH PATROL,     )
2137 SUBLETT, ST. LOUIS, MO 63139,     )
     )
LEONARD BLAST, BADGE #43931301     )
2137 SUBLETT, ST. LOUIS, MO 63139,     )
     )
ROBERT CEVCUOTTE, DSN 1807,     )
     )
LIEUTENANT JANIS BOCKSTRUCK, DSN 3157)
2137 SUBLETT, ST. LOUIS, MO 63139,     )
     )
LUTHER HALL, DSN 4791     )
2137 SUBLETT, ST. LOUIS, MO 63139,     )
     )
LEONARD BLANSITT, DSN, 4392     )
2137 SUBLETT, ST. LOUIS, MO 63139,     )
     )
JOHN DOES 1-20,     )
     )
Serve at:  1200 Clark Ave.     )
     St. Louis, MO 63103,     )
     )
     Defendants.     )

## FIRST AMENDED COMPLAINT FOR DAMAGES

COME NOW the Plaintiffs, and for their cause of action against the Defendants states

and informs the Court:

## INTRODUCTION AND FACTUAL BACKGROUND

1.     This is a complaint for damages and other relief arising out of incidents that

occurred in the city of St. Louis, Missouri culminating on or about May 16, 2003, in connection

with the World Agricultural Forum (hereinafter, "WAF") in St. Louis, Missouri.

Armed with knowledge of prior lawful protests at other WAF venues  and at similar

conferences in other cities, and armed with knowledge that individuals such as Plaintiffs

2

intended to engage in lawful criticism in the form of lawful protests to be  held at the WAF in St. Louis, Missouri, Defendants conspired and devised a plan to use pre-textual detentions and arrests to harass, intimidate, deter and to otherwise force individuals, including Plaintiffs, into silence thereby stifling the lawful exercise of guaranteed freedoms under both Federal and State Constitutions.  The actions of the Defendants, as aforesaid, upon information and belief, emanated from the highest echelons of city government and were carried out and effectuated in the form of unlawful arrests and illegal and unlawful searches of persons and property.  The reasons given to search Plaintiffs' property and to charge Plaintiffs with violations of municipal law were based on repealed law, were legally impossible, and were unsupported by facts or law. The aforementioned arrests and searches violated Plaintiffs' rights under the First, Fourth and Fourteenth Amendments to the United States Constitution as well as under Missouri law and the Constitution of the State of Missouri.

**Jurisdiction, Venue, and Cause of Action**

2.     Plaintiffs are United States citizens, or are citizens of Canada w ho were lawfully within the jurisdictions of the United States and the State of Missouri during the relevant time period.

3.     This court has jurisdiction under 28 U.S.C. Section 1331, 28 U.S.C. Section 1343(a)(1), 28 U.S.C. Section 1343(a)(2), and 28 U.S.C. Section 1343(a)(3).  This court has supplemental jurisdiction of Plaintiffs' claims under Missouri law based on 28 U.S.C. 1367 inasmuch as the state law claims are so related to the federal claims that they form part of the same case and controversy under Article III of the United States Constitution.

4.     This action is brought pursuant to 42 U.S.C. 1983 to redress the deprivation, under color of state law, of rights secured by the United States Constitution.

5.     The relevant acts occurred in the City of St. Louis, Missouri, therefore, under 28

U.S.C. Section 1391(b)(2), venue is proper in this court.

## Parties

6.      Plaintiffs, Adam Appell, David Bailey, Jeffrey Caplan, Eric Carter, Trinity Cross, Molly Dupre, Art Friedrich, Eric Gillard, Claire Gillis, Daniel Green, Mary Hastings, Jabari Jones, Joseph Locey, Eslao Ludwig, Ben Majchrzak, Juan Martinez, Kelly Meister, Kenneth Neville, Chelie Murray-Chevriar, Erin Ruddell, Eric Thomas, Celeste Verhelst, Thomas Shaver, Debra Shovall, and Alistair Neill Stewart, were residents of or guests in St. Louis City who intended to lawfully and peacefully attend demonstrations, a "counterconference," a "cycle circus," and/or related activities on or about May 16, 2003 in the City of St. Louis.

7.      Defendant, St. Louis City, is a municipal corporation duly organized and existing under the laws of the State of Missouri.  At all times relevant herein, the City of St. Louis acted through its agents, servants, and employees

8.      Defendants Mary E. Nelson, Susan C. J. Rollins, Bart Saracino, Michael J. Quinn, and the Honorable Francis G. Slay, are members of the St. Louis Board of Police Commissioners. Defendants are citizens of the United States and of Missouri.  Defendants are residents of St. Louis, Missouri, in the Eastern District of Missouri.  Defendants are and, at all times relevant to this action, were members of the local governmental body charged by the State of Missouri with administering and overseeing the St. Louis Police Department, including the hiring, training, disciplining, and dismissing of individual police officers.

9.      Defendants, immediately named above, are sued in their official capacities as members of the St. Louis Board of Police Commissioners, and also in their individual capacities.

10.      Defendants Mary A. Hart and Lyle Manninger, are citizens of the United States and of Missouri.  Defendants are residents of St. Louis, Missouri, in the Eastern District of Missouri.  At all times relevant to this action, Defendants were part of in the City of St. Louis

4

structure charged with creating and enforcing building codes and zoning regulations within the City of St. Louis.   On information and belief, Mary Hart is and was the Zoning Administrator, and Lyle Manninger is and was and Chief Plan Examiner.

11.     At all times mentioned herein, Mary A. Hart and Lyle Manninger were agents, servants, employees of the City of St. Louis and acting within the scope of their authority.

12.     Defendants Hart and Manninger are sued in their official capacities as employees of the City of St. Louis, and also in their individual capacities.

13.     Defendant John MacEnulty is a citizen of the United States and of the State of Missouri.  He is a resident of St. Louis, Missouri, in the Eastern District of Missouri.  Defendant was, at all times relevant to this action, a housing inspector for the City of St. Louis.

14.     At all times mentioned herein, John MacEnulty was an agent, servant, employee of the City of St. Louis and acting within the scope of his authority.

15.     Defendant, John MacEnulty, is sued in his official capacity as an employee of the City of St. Louis and also in his individual capacity.

16.  Defendant, Dennis Melton, is a citizen of the United States and of the State of Missouri.  He is a resident of St. Louis, Missouri, in the Eastern District of Missouri.  Defendant was, at all times relevant to this action, a housing inspector for the City of St. Louis.

17.  At all times mentioned herein, Defendant Dennis Melton was an agent, servant, employee of the City of St. Louis and acting within the scope of his authority.

18.  Defendant, Dennis Melton, is sued in his official capacity as an employee of the City of St. Louis and also in his individual capacity.

19.  Defendant, Joseph J. Mokwa, is the Chief of Police of the Metropolitan Police Department, City of St. Louis.  Defendant is a citizen of the United States and of Missouri.  Defendant is a resident of St. Louis, Missouri, in the Eastern District of Missouri.   Defendant

was, at all times relevant to this action, the highest ranking police officer in the City of St. Louis, charged with administering the police force, including the hiring, training, disciplining, and dismissing of individual police officers as well as deciding which tasks police officers should perform and how Department funds should be spent.

20.  At all times mentioned herein, Defendant Joseph J. Mokwa was an agent, servant, employee of the Metropolitan Police Department, City of St. Louis, and acting within the scope of his authority.

21.  Defendant, Joseph J. Mokwa, is sued in his official capacity as the Chief of Police of the Metropolitan Police Department, City of St. Louis, and also in his individual capacity.

22.  Defendants, Roger Engelhardt, Robert Seever, Jr., Leonard Blast, Lieutenant Janis Bockstruck, Robert Cevcuotte, Luther Hall, Leonard Blansitt, and John Does 1-10, are police officers for the City of St. Louis.  Defendants are citizens of the United States and of Missouri. Defendants are residents of St. Louis, Missouri, in the Eastern District of Missouri.  Defendants were, at all times relevant to this action, individual police officers in the Metropolitan Police Department, City of St. Louis charged with protecting and safeguarding the rights, privileges, and immunities of all persons guaranteed by the Constitutions of the United States and of Missouri, and of protecting their persons and property within the City of St. Louis.

23.  At all times mentioned herein, Defendant police officers were agents, servants, employees of the Metropolitan Police Department, City of St. Louis and acting within the scope of  their authority.

23.  Defendants, Roger Engelhardt, Robert Seever, Jr., Leonard Blast,  Robert Cevcuotte, Lieutenant Janis Bockstruck, Luther Hall, and Leonard Blansitt, are sued in their official capacities as officers of  the City of  St. Louis Metropolitan Police Department, and also in their individual capacities.

24.     Defendants, John Does 11-20, are as yet unknown individuals.  Defendants are presumed citizens of the United States but their current or actual residences are unknown at this time. Upon information and belief, Defendants were, at all times relevant to this action, individuals who conspired with and/or assisted the other Defendants in the planning and execution of the acts injurious to the Plaintiffs articulated herein.

25.     Defendants, John Does 11-20, are sued in their official capacities, whatever they may be, and in their individual capacities.

26.     At all relevant times, Defendants acted in concert and in conspiracy with each other and each Defendant acted as principal relevant to all other Defendants and as an agent relevant to all other Defendants.

27.     At all relevant times, Defendants had the willful, malicious, and deliberate intention to deprive Plaintiffs of their liberty and constitutionally safeguarded civil rights.

28.     The Defendants had a unity of purpose and common design and understanding to commit such activities so as to deprive Plaintiffs of their liberty and constitutionally safeguarded civil rights, and knew or should have known that such purposes and schemes and acts in their furtherance were unlawful.

29.     At all relevant times, Defendants had an agreement between themselves to deprive Plaintiffs of their liberty and constitutionally safeguarded civil rights; Defendants made such agreement with the intent to deprive Plaintiffs of their civil rights; Defendants carried out said agreement; and as a direct result of the Defendants carrying out said agreement, Plaintiffs were damaged in that they were deprived of their liberty, their constitutionally protected rights, and their property.  Plaintiffs' rights to be free from such a conspiracy to deprive them of their Constitutional rights under the color of law are secured by the Civil Rights Act, Title 42 of the United States Code, § 1985.

30.     Defendants, having knowledge of the wrongs conspired to be done as described in paragraphs 19-22, and knowing that they were to be committed, and having the power to prevent or aid in preventing the commission of such wrongs, neglected or refused to do so and thereby allowed, permitted, and aided in the commission of the wrongs and the resultant injuries suffered by Plaintiffs by such neglect or refusal.  Plaintiffs' rights to recover for such neglect or refusal to prevent is secured by the Civil Rights Act, Title 42 of the United States Code, § 1986.

31.     The actions of Defendant police officers described herein represented official policy of the Metropolitan Police Department and the City of St. Louis and/or custom and policy that the City knew of or should have known of and that the City allowed to be exercised as the de facto policy of the City of St. Louis.  Under the laws of The City of St. Louis, the St. Louis Metropolitan Police Department Board and The Chief of Police have final policy making authority over the St. Louis Police Department, including authority to hire, dismiss, discipline, and train officers, authority to decide what constitutes proper police procedure, and authority to decide which operations should be undertaken, and which operations should not be undertaken.

32.     The failure of Defendant Metropolitan Police Department, and the City of St. Louis to provide any training to its police officers to instruct them that the use of pre-textual arrests and detentions is unconstitutional, and/or its deliberate indifference to or willful tolerance of practices and customs antithetical to such training, represents deliberate indifference to the rights of persons with whom the City's officers come into contact since the City must be aware that both conventions and protests will happen in the City of St. Louis.  Defendant, City of St. Louis, is therefore liable for the unconstitutional actions of Defendant Police Officers due to its failure to properly train.  If Defendant, City of St. Louis and/or Metropolitan Police Department had provided proper training to Defendant Police Officers, Defendant Police Officers would not have violated Plaintiffs' federal and state constitutional rights.

33.     Defendant St. Louis City's failure to provide training to its building inspectors to instruct them that the use of pre-textual condemnations is unconstitutional, and/or its deliberate indifference to or willful tolerance of practices and customs antithetical to such training, represents deliberate indifference to the rights of persons with whom the City's building inspectors come into contact since the City must be aware that building inspectors will condemn buildings in the City of St. Louis.

34.     The actions of the Defendants described herein violated the following rights of the Plaintiffs: the right to be secure in their persons and houses, the right to be free of the use excessive force by police officers, the right to be free from unreasonable search and seizure, the right to be free from unreasonable arrest, the right to due process of law, the right to property, and the right to be free of threats by police officers; all of which are secured by the Fourth Amendment; the rights to due process, property, equal protection under the law, and equal justice, which are secured by the Fourteenth Amendment; and the rights to free speech and to association, which are secured by the First Amendment. All of these rights are also secured by the Civil Rights Act, Title 42 of the United States Code, § 1983.

35.     This action is brought under Title 42 U.S.C., Section 1983, to remedy deprivation of rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution; Title 42 U.S.C., Section 1985, to remedy a conspiracy to interfere with Plaintiffs' civil rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution; Title 42 U.S.C., Section 1986, for neglecting to prevent the interference with Plaintiffs' civil rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution; and under Article I, sections 2, 8, 9, 10, and 15 of the Missouri Constitution which secure those same rights.

**Pre-Textual Search and Arrests at 3309 Illinois**

On or about May 16, 2003, Defendants, acting under color of state law, deprived the plaintiffs, Trinity Cross, Molly Dupre, Art Friedrich, Claire Gillis, Daniel Green, Joseph Locey, Eslao Ludwig, Juan Martinez, Kelly Meiseter, Kenneth Neville, Chelie Murray-Cheviar, Erin Ruddell, Eric Thomas, Celeste Verhelst, and Debra Shovall of all rights, privileges and immunities secured by the laws of the United States, as follows.  Paragraphs 1-35 are hereby incorporated by reference.

36.     Section 120.1 Chapter 25.01 of the Revised Code of the City of St. Louis states in relevant part that when an emergency condemnation of a building is performed by the City of St. Louis, "Each principal entrance shall be posted with a notice which reads as follows: 'DANGER, THIS PREMISES IS UNSAFE AND HAS BEEN CONDEMNED ALL PERSON ARE WARNED TO KEEP AWAY'  Any person who refuses to leave, interferes with the evacuation of other occupants, occupies or continues an operation after the property has been posted, pursuant to this section…shall be deemed in violation of this section…"

37.     On May 16, 2003, the single family, two-story residence at 3309 Illinois in the City of St. Louis had at least two principal entrances, a front door and a back door.

38.     Months prior to May 16, 2003, St. Louis City Building Inspectors had informed the owner of the residence at 3309 Illinois, Daniel Green, that the house could be occupied while he made repairs to bring it up to code.

39.     Prior to May 16, 2003, no "Condemned" sign of the type required before criminal liability can arise under Section 120.1, Chapter 25.01 of the Revised Code of the City of St. Louis had been posted anywhere on the house for at least six months to one year.

40.     For approximately one week prior to May 16, 2003, St. Louis City Police Officers had the house at 3309 Illinois under surveillance.

41.     While 3309 was under surveillance, the police observed many individuals in and

around the house.

42.     For several days prior to May 16, 2003, certain of the Plaintiffs arrived as guests at 3309 Illinois intending to stay for a few days while attending organized protests of the World Agricultural Forum and activities related to those protests at a "counter conference" entitled "Biodevastation 7" which was being held at St. Louis Community College.

43.     On May 26, 2003, some of the Defendants, acting under color of their authority as St. Louis City police officers and as a building inspector of the City of St. Louis, arrived to condemn the house at 3309 Illinois pursuant to Section 120.1, Chapter 25.01 of the Revised Code of the City of St. Louis.

41.     The true and actual purpose of the condemnation was to prevent anyone who was at 3309 Illinois from attending the Biodevastation 7 conference and protesting the World Agricultural Forum that weekend.

42.     Other similarly situated houses in the City of St. Louis were not condemned and raided on that same date.

43.     Defendants arrived at the house to enforce the condemnation suddenly, unexpectedly, carrying firearms, and acting in a rude, intimidating, and aggressive manner .

44.     When Defendants arrived at the house, several Plaintiffs were outside the house in the yard or on the porch.

45.     Other Plaintiffs were inside the house.

46.     Some Plaintiffs who were inside the house were on the second floor.

47.     Some Plaintiffs who were outside went inside the house when Defendants arrived.

48.     Other Plaintiffs who were outside stayed outside the house.

49.     The police and building inspector ran up to the front door.

50.     The police and building inspector allegedly posted one "Condemned" sign by the

11

front door.

51.     No other "Condemned" signs were posted.

52.     The Building Inspector then shouted one order through the front door to all those inside.

53.     One negative reply allegedly came from inside the house.

54.     Immediately after allegedly posting one and only one "Condemned" sign, and without waiting for any compliance or further communication from Plaintiffs, the police forcibly entered the house.

55.     Defendants, St. Louis City Police officers, arrested all those in the house, on the porch, or in the yard.

56.     Defendants then searched the house.

57.     Defendants conducted this search without any proper warrant.

58.     This search included downloading information from computers in the house and rummaging through individuals' packed belongings.

59.     Defendants damaged property while they were in the house, including urinating on Plaintiffs' personal property.

60.     All those arrested were charged with violating Section of 120.1, Chapter 25.01 of the Revised Code of the City of St. Louis- occupying condemned property.

61.     All those arrested were held in custody for twenty hours.

62.     Defendant, housing inspector, acting under the color of law, condemned the house at 3309 Illinois in the City of St. Louis for a pre-textual reason.  Defendant did not give a reasonable order to evacuate and did not post a "CONDEMNED" sign at each principal entrance as is required by the ordinance Defendant was allegedly enforcing.

<u>First Cause of Action</u> - Trinity Cross

12

63.     Paragraphs 1-62 are hereby incorporated by reference.

64.     Plaintiff, Trinity Cross, is an adult resident of the State of California, City of Berkeley, at 904 Bancroft Way, Zip Code 94710.

65.     On or about May 16, 2003, at approximately 10:30 a.m., Defendants, Police Officers of the City of St. Louis, State of Missouri, entered the premises at 3309 Illinois in the City of St. Louis, State of Missouri, and arrested Plaintiff, Trinity Cross, and seized all her possessions.

66.     Plaintiff, Trinity Cross, was subjected to a strip search as defined by Missouri Statute by agents, servants, and employees of the City of St. Louis, who upon information and belief, were police officers of the City of St. Louis.

67.     Defendants wrote down Plaintiff's name on a report and captioned her as an "Anarchist" even though Plaintiff did not designate herself in that fashion.

68.     At no time was there reasonable suspicion to detain Plaintiff, Trinity Cross, or probable cause to arrest her for any offense.

69.     Nevertheless, Plaintiff, Trinity Cross, was arrested and restrained with plastic handcuffs.

70.     The handcuffs remained on her wrists for a long while.  They were extremely tight and painful and caused extreme discomfort.

71.     Plaintiff, Trinity Cross, was transported to jail and held for approximately 20 hours before being released.

72.     Plaintiff's unlawful seizure, arrest, and strip search caused her damages.

73.     At all times Defendants acted under color of state law.

74.     At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

## Legal Claims

75.     Plaintiff's seizure, search and arrest was completely without cause and therefore violated her rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

76.     Defendants' unlawful and pre-textual intrusion into the home where Plaintiff was temporarily dwelling and seizing and damaging property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

77.     Defendants' unlawful seizure and arrest of Plaintiff in order to prevent her from voicing her protest with others at the Biodevastation 7 conference at St. Louis Community College violated her right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

78.     Defendants' identification and designation of Plaintiff, Trinity Cross, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff her civil rights and equal protection under the law, and therefore violated her rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

79.     Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

80.     Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Trinity Cross, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

14

81.     Plaintiff, Trinity Cross, was subject to false arrest, false imprisonment, and battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

82.     Plaintiff, Trinity Cross, was subject to an unlawful strip search, a violation of Missouri Statute, Title XXXVII, Section 544.193, pursuant to Section 544.195.  Defendant, the City of St. Louis, and the individual Defendants are liable for these state law violations.

**Request for Jury Trial**

83.     Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

<u>Second Cause of Action</u> - Molly Dupre

84.     Paragraphs 1-62 are hereby incorporated by reference.

85.     Plaintiff, Molly Dupre, is an adult resident of the State of Missouri, City of St. Louis, at 2729 Ann Ave., Zip Code 63104 and at all relevant times was an adult resident of State of Missouri, City of St. Louis, at 3309 Illinois, Zip Code 63118.

86.     On or about May 16, 2003, at approximately 10:30 a.m., Defendants, Police Officers of the City of St. Louis, State of Missouri, entered the premises at 3309 Illinois in the City of St. Louis, State of Missouri, and arrested Plaintiff, Molly Dupre, and seized all her possessions.

87.     Plaintiff, Molly Dupre, was subjected to a strip search as defined by Missouri Statute by agents, servants, and employees of the City of St. Louis, who upon and information and belief, were police officers of the City of St. Louis.

88.     Defendants wrote down Plaintiff's name on a report and captioned her as an "Anarchist" even though Plaintiff did not designate herself in that fashion.

15

89.     At no time was there reasonable suspicion to detain Plaintiff, Molly Dupre, or probable cause to arrest her for any offense.

90.     Nevertheless, Plaintiff, Molly Dupre, was arrested and restrained with plastic handcuffs.

91.     The handcuffs remained on her wrists for a long while.  They were extremely tight and painful and caused extreme discomfort.

92.     Plaintiff, Molly Dupre, was transported to jail and held for approximately 20 hours before being released.

93.     Plaintiff's unlawful seizure, arrest, and strip search caused her damages.

94.     At all times Defendants acted under color of state law.

95.     At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

**Legal Claims**

96.     Plaintiff's seizure, search and arrest was completely without cause and therefore violated her rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

97.     Defendants' unlawful and pre-textual intrusion into the home where Plaintiff resided and seizing and damaging property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

98.     Defendants' unlawful seizure and arrest of Plaintiff in order to prevent her from voicing her protest with others at the Biodevastation 7 conference at St. Louis Community College violated her right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8

16

and 9 of the Missouri Constitution.  Defendants are liable for this violation.

99.     Defendants' identification and designation of Plaintiff, Molly Dupre, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff her civil rights and equal protection under the law, and therefore violated her rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

100.     Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

101.     Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Molly Dupre, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

102.     Plaintiff, Molly Dupre, was subject to false arrest, false imprisonment, and battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

103.     Plaintiff, Molly Dupre, was subject to an unlawful strip search, a violation of Missouri Statute, Title XXXVII, Section 544.193, pursuant to Section 544.195.  Defendant, the City of St. Louis, and the individual Defendants are liable for these state law violations.

**Request for Jury Trial**

104.     Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

<u>Third Cause of Action</u> - Claire Gillis

105.     Paragraphs 1-62 are hereby incorporated by reference.

17

106.    Plaintiff, Claire Gillis, is an adult resident of the United States.

107.    On or about May 16, 2003, at approximately 10:30 a.m., Defendants, Police Officers of the City of St. Louis, State of Missouri, entered the premises at 3309 Illinois in the City of St. Louis, State of Missouri, and arrested Plaintiff, Claire Gillis, and seized all her possessions.

108.    Plaintiff, Claire Gillis, was subjected to a strip search as defined by Missouri Statute by agents, servants, and employees of the City of St. Louis, who upon information and belief, were police officers of the City of St. Louis

109.    Defendants wrote down Plaintiff's name on a report and captioned her as an "Anarchist" even though Plaintiff did not designate herself in that fashion.

110.    At no time was there reasonable suspicion to detain Plaintiff, Claire Gillis, or probable cause to arrest her for any offense.

111.    Nevertheless, Plaintiff, Claire Gillis, was arrested and restrained with plastic handcuffs.

112.    The handcuffs remained on her wrists for a long while.  They were extremely tight and painful and caused extreme discomfort.

113.    Plaintiff, Claire Gillis, was transported to jail and held for approximately 20 hours before being released.

114.    Plaintiff's unlawful seizure, arrest, and strip search caused her damages.

115.    At all times Defendants acted under color of state law.

116.    At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

**Legal Claims**

117.    Plaintiff's seizure, search and arrest was completely without cause and therefore

violated her rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

118.    Defendants' unlawful and pre-textual intrusion into the home where Plaintiff was temporarily dwelling and seizing and damaging property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

119.    Defendants' unlawful seizure and arrest of Plaintiff in order to prevent her from voicing her protest with others at the Biodevastation 7 conference at St. Louis Community College violated her right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

120.    Defendants' identification and designation of Plaintiff, Claire Gillis, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff her civil rights and equal protection under the law, and therefore violated her rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

121.    Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

122.    Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Claire Gillis, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

123.    Plaintiff, Claire Gillis, was subject to false arrest, false imprisonment, and battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law

violations.

124.     Plaintiff, Claire Gillis, was subject to an unlawful strip search, a violation of Missouri Statute, Title XXXVII, Section 544.193, pursuant to Section 544.195.  Defendant, the City of St. Louis, and the individual Defendants are liable for these state law violations.

**Request for Jury Trial**

125.     Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Fourth Cause of Action - Joseph Locey

126.     Paragraphs 1-62 are hereby incorporated by reference.

127.     Plaintiff, Joseph Locey, is an adult resident of the State of Florida, City of Waldo, whose address is P.O. Box 436, Zip Code 32694.

128.     On or about May 16, 2003, at approximately 10:30 a.m., Defendants, Police Officers of the City of St. Louis, State of Missouri, entered the premises at 3309 Illinois in the City of St. Louis, State of Missouri, and arrested Plaintiff, Joseph Locey, and seized all his possession.

129.     Defendants, Police Officers of the City of St. Louis, conducted a search of Plaintiff, Joseph Locey.

130.     Defendants wrote down Plaintiff's name on a report and captioned him as an "Anarchist" even though Plaintiff did not designate himself in that fashion.

131.     At no time was there reasonable suspicion to detain Plaintiff, Joseph Locey, or probable cause to arrest him for any offense.

132.     Nevertheless, Plaintiff, Joseph Locey, was arrested and restrained with plastic handcuffs.

133.     The handcuffs remained on his wrists for a long while.  They were extremely tight and painful and caused extreme discomfort.

134.     Plaintiff, Joseph Locey, was transported to jail and held for approximately 20 hours before being released.

135.     Plaintiff's unlawful seizure, search, and arrest caused him damages.

136.     At all times Defendants acted under color of state law.

137.     At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

### Legal Claims

138.     Plaintiff's seizure, search and arrest was completely without cause and therefore violated his rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

139.     Defendants' unlawful and pre-textual intrusion into the home where Plaintiff was temporarily dwelling and seizing and damaging property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

140.     Defendants' unlawful seizure and arrest of Plaintiff in order to prevent him from voicing his protest with others at the Biodevastation 7 conference at St. Louis Community College violated his right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

141.     Defendants' identification and designation of Plaintiff, Joseph Locey, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff his civil rights and equal protection under the law, and therefore violated his

rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

142.    Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

143.    Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Joseph Locey, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

144.    Plaintiff, Joseph Locey, was subject to false arrest, false imprisonment, and battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

**Request for Jury Trial**

145.    Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Fifth Cause of Action - Eslao Ludwig

146.    Paragraphs 1-62 are hereby incorporated by reference.

147.    Plaintiff, Ludwig Eslao, is an adult resident of the State of Washington, City of Takoma, at 820 E. Harrison Street, Zip Code 98404, or of the State of Florida, City of Waldo, whose address is P.O. Box 436, Zip code 32694.

148.    On or about May 16, 2003, at approximately 10:30 a.m., Defendants, Police Officers of the City of St. Louis, State of Missouri, entered the premises at 3309 Illinois in the City of St. Louis, State of Missouri, and arrested Plaintiff, Eslao Ludwig, and seized all his possessions.

22

149.    Defendants, Police Officers of the City of St. Louis, conducted a search of Plaintiff, Eslao Ludwig.

150.    Defendants wrote down Plaintiff's name on a report and captioned him as an "Anarchist" even though Plaintiff did not designate himself in that fashion.

151.    At no time was there reasonable suspicion to detain Plaintiff, Eslao Ludwig, or probable cause to arrest him for any offense.

152.    Nevertheless, Plaintiff, Eslao Ludwig, was arrested and restrained with plastic handcuffs.

153.    The handcuffs remained on his wrists for a long while.  They were extremely tight and painful and caused extreme discomfort.

154.    Plaintiff, Eslao Ludwig, was transported to jail and held for approximately 20 hours before being released.

155.    Plaintiff's unlawful seizure, search, and arrest caused him damages.

156.    At all times Defendants acted under color of state law.

157.    At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

## Legal Claims

158.    Plaintiff's seizure, search and arrest was completely without cause and therefore violated his rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

159.    Defendants' unlawful and pre-textual intrusion into the home where Plaintiff was temporarily dwelling and seizing and damaging property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

23

160.    Defendants' unlawful seizure and arrest of Plaintiff in order to prevent him from voicing his protest with others at the Biodevastation 7 conference at St. Louis Community College violated his right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

161.    Defendants identification and designation of Plaintiff, Eslao Ludwig, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff his civil rights and equal protection under the law, and therefore violated his rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

162.    Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

163.    Defendants failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Eslao Ludwig, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

164.    Plaintiff, Eslao Ludwig, was subject to false arrest, false imprisonment, and battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

**Request for Jury Trial**

165.    Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Sixth Cause of Action - Juan Martinez

24

166.    Paragraphs 1-62 are hereby incorporated by reference.

167.    Plaintiff, Juan Martinez, is an adult resident of the State of Texas, City of Austin, at 300 Allen St., Zip Code 78702.

168.    On or about May 16, 2003, at approximately 10:30 a.m., Defendants, Police Officers of the City of St. Louis, State of Missouri, entered the premises at 3309 Illinois in the City of St. Louis, State of Missouri, and arrested Plaintiff, Juan Martinez, and seized all his possessions.

169.    Defendants, Police Officers of the City of St. Louis, conducted a search of Plaintiff, Juan Martinez.

170.    Defendants wrote down Plaintiff's name on a report and captioned him as an "Anarchist" even though Plaintiff did not designate himself in that fashion.

171.    At no time was there reasonable suspicion to detain Plaintiff, Juan Martinez, or probable cause to arrest him for any offense.

172.    Nevertheless, Plaintiff, Juan Martinez, was arrested and restrained with plastic handcuffs.

173.    The handcuffs remained on his wrists for a long while.  They were extremely tight and painful and caused extreme discomfort.

174.    Plaintiff, Juan Martinez, was transported to jail and held for approximately 20 hours before being released.

175.    Plaintiff's unlawful seizure, search, and arrest caused him damages.

176.    At all times Defendants acted under color of state law.

177.    At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

**Legal Claims**

25

178.    Plaintiff's seizure, search and arrest was completely without cause and therefore violated his rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

179.    Defendants unlawful and pre-textual intrusion into the home where Plaintiff was temporarily dwelling and seizing and damaging property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

180.    Defendants' unlawful seizure and arrest of Plaintiff in order to prevent him from voicing his protest with others at the Biodevastation 7 conference at St. Louis Community College violated his right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

181.    Defendants identification and designation of Plaintiff, Juan Martinez, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff his civil rights and equal protection under the law, and therefore violated his rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

182.    Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

183.    Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Juan Martinez, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

184.    Plaintiff, Juan Martinez, was subject to false arrest, false imprisonment, and

battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

## Request for Jury Trial

185.    Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

<u>Seventh Cause of Action</u> - Kelly Meister

186.    Paragraphs 1-62 are hereby incorporated by reference.

187.    Plaintiff, Kelly Meister, is an adult resident of the State of Missouri, City of St. Louis, at 3309 Illinois, Zip Code 63118.

188.    On or about May 16, 2003, at approximately 10:30 a.m., Defendants, Police Officers of the City of St. Louis, State of Missouri, entered the premises at 3309 Illinois in the City of St. Louis, State of Missouri, and arrested Plaintiff, Kelly Meister, and seized all her possessions.

189.    Plaintiff, Kelly Meister, was subjected to a strip search as defined by Missouri Statute by agents, servants, and employees of the City of St. Louis, who upon information and belief, were police officers of the City of St. Louis.

190.    Defendants wrote down Plaintiff's name on a report and captioned her as an "Anarchist" even though Plaintiff did not designate herself in that fashion.

191.    At no time was there reasonable suspicion to detain Plaintiff, Kelly Meister, or probable cause to arrest her for any offense.

192.    Nevertheless, Plaintiff, Kelly Meister, was arrested and restrained with plastic handcuffs.

193.    The handcuffs remained on her wrists for a long while.  They were extremely

27

tight and painful and caused extreme discomfort.

194.    Plaintiff, Kelly Meister, was transported to jail and held for approximately 20 hours before being released.

195.    Plaintiff's unlawful seizure, arrest, and strip search caused her damages.

196.    At all times Defendants acted under color of state law.

197.    At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

**Legal Claims**

198.    Plaintiff's seizure, search and arrest was completely without cause and therefore violated her rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

199.    Defendants' unlawful and pre-textual intrusion into the home where Plaintiff resided and seizing and damaging property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

200.    Defendants' unlawful seizure and arrest of Plaintiff in order to prevent her from voicing her protest with others at the Biodevastation 7 conference at St. Louis Community College violated her right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

201.    Defendants' identification and designation of Plaintiff, Kelly Meister, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff her civil rights and equal protection under the law, and therefore violated her rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2

28

of the Missouri Constitution.  Defendants are liable for this violation.

202.    Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

203.    Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Kelly Meister, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

204.    Plaintiff, Kelly Meister, was subject to false arrest, false imprisonment, and battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

205.    Plaintiff, Kelly Meister, was subject to an unlawful strip search, a violation of Missouri Statute, Title XXXVII, Section 544.193, pursuant to Section 544.195.  Defendant, the City of St. Louis, and the individual Defendants are liable for these state law violations.

### Request for Jury Trial

206.    Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

### Eighth Cause of Action - Kenneth Neville

207.    Paragraphs 1-62 are hereby incorporated by reference.

208.    Plaintiff, Kenneth Neville, is an adult resident of the State of Vermont, City of Greensboro, at 1 Circus Road, Zip Code 05841.

209.    On or about May 16, 2003, at approximately 10:30 a.m., Defendants, Police Officers of the City of St. Louis, State of Missouri, entered the premises at 3309 Illinois in the City of St. Louis, State of Missouri, and arrested Plaintiff, Kenneth Neville, and seized all his

possessions.

210.    Defendants, Police Officers of the City of St. Louis, conducted search of Plaintiff, Kenneth Neville.

211.    Defendants wrote down Plaintiff's name on a report and captioned him as an "Anarchist" even though Plaintiff did not designate himself in that fashion.

212.    At no time was there reasonable suspicion to detain Plaintiff, Kenneth Neville, or probable cause to arrest him for any offense.

213.    Nevertheless, Plaintiff, Kenneth Neville, was arrested and restrained with plastic handcuffs.

214.    The handcuffs remained on his wrists for a long while.  They were extremely tight and painful and caused extreme discomfort.

215.    Plaintiff, Kenneth Neville, was transported to jail and held for approximately 20 hours before being released.

216.    Plaintiff's unlawful seizure, search, and arrest caused him damages.

217.    At all times Defendants acted under color of state law.

218.    At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

### Legal Claims

219.    Plaintiff's seizure, search and arrest was completely without cause and therefore violated his rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

220.    Defendants' unlawful and pre-textual intrusion into the home where Plaintiff was temporarily dwelling and seizing and damaging property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10

30

and 15 of the Missouri Constitution.  Defendants are liable for this violation.

221.    Defendants' unlawful seizure and arrest of Plaintiff in order to prevent him from voicing his protest with others at the Biodevastation 7 conference at St. Louis Community College violated his right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

222.    Defendants' identification and designation of Plaintiff, Kenneth Neville, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff his civil rights and equal protection under the law, and therefore violated his rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

223.    Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

224.    Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Kenneth Neville, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

225.    Plaintiff, Kenneth Neville, was subject to false arrest, false imprisonment, and battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

**Request for Jury Trial**

226.    Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

31

<u>Ninth Cause of Action</u> - Chelie Murray-Chevriar

227.    Paragraphs 1-62 are hereby incorporated by reference.

228.    Plaintiff, Chelie Murray-Chevriar, is an adult resident of 53A James St. E,
Guelph, Ontario N1G 1C9, Canada who was a lawful visitor to the United States on May 16,
2003.

229.    On or about May 16, 2003, at approximately 10:30 a.m., Defendants, Police
Officers of the City of St. Louis, State of Missouri, entered the premises at 3309 Illinois in the
City of St. Louis, State of Missouri, and arrested Plaintiff, Chelie Murray-Chevriar, and seized
all her possessions.

230.    Plaintiff, Chelie Murray-Chevriar, was subjected to a strip search as defined by
Missouri Statute by agents, servants, and employees of the City of St. Louis, who upon
information and belief, were police officers of the City of St. Louis.

231.    Defendants wrote down Plaintiff's name on a report and captioned her as an
"Anarchist" even though Plaintiff did not designate herself in that fashion.

232.    At no time was there reasonable suspicion to detain Plaintiff, Chelie Murray-
Chevriar, or probable cause to arrest her for any offense.

233.    Nevertheless, Plaintiff, Chelie Murray-Chevriar, was arrested and restrained with
plastic handcuffs.

234.    The handcuffs remained on her wrists for a long while.  They were extremely
tight and painful and caused extreme discomfort.

235.    Plaintiff, Chelie Murray-Chevriar, was transported to jail and held for
approximately 20 hours before being released.

236.    Plaintiff's unlawful seizure, arrest, and strip search caused her damages.

237.    At all times Defendants acted under color of state law.

238.    At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

### Legal Claims

239.    Plaintiff's seizure, search and arrest was completely without cause and therefore violated her rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

240.    Defendants' unlawful and pre-textual intrusion into the home where Plaintiff was temporarily dwelling and seizing and damaging property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

241.    Defendants' unlawful seizure and arrest of Plaintiff in order to prevent her from voicing her protest with others at the Biodevastation 7 conference at St. Louis Community College violated her right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

242.    Defendants' identification and designation of Plaintiff, Chelie Murray-Chevriar, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff her civil rights and equal protection under the law, and therefore violated her rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

243.    Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

33

244.     Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Chelie Murray-Chevriar, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

245.     Plaintiff, Chelie Murray-Chevriar, was subject to false arrest, false imprisonment, and battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

246.     Plaintiff, Chelie Murray-Chevriar, was subject to an unlawful strip search, a violation of Missouri Statute, Title XXXVII, Section 544.193, pursuant to Section 544.195. Defendant, the City of St. Louis, and the individual Defendants are liable for these state law violations.

**Request for Jury Trial**

247.     Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Tenth Cause of Action - Erin Ruddell

248.     Paragraphs 1-62 are hereby incorporated by reference.

249.     Plaintiff, Erin Ruddell, is an adult resident of the State of Ohio, City of Yellow Springs, at 234 N. Stafford Street, Zip Code 45387

250.     On or about May 16, 2003, at approximately 10:30 a.m., Defendants, Police Officers of the City of St. Louis, State of Missouri, entered the premises at 3309 Illinois in the City of St. Louis, State of Missouri, and arrested Plaintiff, Erin Ruddell, and seized all her possessions.

251.     Plaintiff, Erin Ruddell, was subjected to a strip search as defined by Missouri Statute by agents, servants, and employees of the City of St. Louis, who upon information and

belief, were police officers of the City of St. Louis.

252.    Defendants wrote down Plaintiff's name on a report and captioned her as an "Anarchist" even though Plaintiff did not designate herself in that fashion.

253.    At no time was there reasonable suspicion to detain Plaintiff, Erin Ruddell, or probable cause to arrest her for any offense.

254.    Nevertheless, Plaintiff, Erin Ruddell, was arrested and restrained with plastic handcuffs.

255.    The handcuffs remained on her wrists for a long while.  They were extremely tight and painful and caused extreme discomfort.

256.    Plaintiff, Erin Ruddell, was transported to jail and held for approximately 20 hours before being released.

257.    Plaintiff's unlawful seizure, arrest, and strip search caused her damages.

258.    At all times Defendants acted under color of state law.

259.    At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

**Legal Claims**

260.    Plaintiff's seizure, search and arrest was completely without cause and therefore violated her rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

261.    Defendants' unlawful and pre-textual intrusion into the home where Plaintiff was temporarily dwelling and seizing and damaging property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

262.    Defendants' unlawful seizure and arrest of Plaintiff in order to prevent her from

35

voicing her protest with others at the Biodevastation 7 conference at St. Louis Community College violated her right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

263.    Defendants' identification and designation of Plaintiff, Erin Ruddell, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff her civil rights and equal protection under the law, and therefore violated her rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

264.    Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

265.    Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Erin Ruddell, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

266.    Plaintiff, Erin Ruddell, was subject to false arrest, false imprisonment, and battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

267.    Plaintiff, Erin Ruddell, was subject to an unlawful strip search, a violation of Missouri Statute, Title XXXVII, Section 544.193, pursuant to Section 544.195.  Defendant, the City of St. Louis, and the individual Defendants are liable for these state law violations.

### Request for Jury Trial

268.    Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the

Federal Rules of Civil Procedure.

Eleventh Cause of Action - Eric Thomas

269.    Paragraphs 1-62 are hereby incorporated by reference.

270.    Plaintiff, Eric Thomas, is an adult resident of the State of Oregon, City of

Portland, at 2425 Northeast Alberta St., Zip Code 97211.

271.    On or about May 16, 2003, at approximately 10:30 a.m., Defendants, Police

Officers of the City of St. Louis, State of Missouri, entered the premises at 3309 Illinois in the

City of St. Louis, State of Missouri, and arrested Plaintiff, Eric Thomas, and seized all his

possessions.

272.    Defendants, Police Officers of the City of St. Louis, conducted a search of

Plaintiff, Eric Thomas.

273.    Defendants wrote down Plaintiff's name on a report and captioned him as an

"Anarchist" even though Plaintiff did not designate himself in that fashion.

274.    At no time was there reasonable suspicion to detain Plaintiff, Eric Thomas, or

probable cause to arrest him for any offense.

275.    Nevertheless, Plaintiff, Eric Thomas, was arrested and restrained with plastic

handcuffs.

276.    The handcuffs remained on his wrists for a long while.  They were extremely tight

and painful and caused extreme discomfort.

277.    Plaintiff, Eric Thomas, was transported to jail and held for approximately 20

hours before being released.

278.    Plaintiff's unlawful seizure, search, and arrest caused him damages.

279.    At all times Defendants acted under color of state law.

280.    At all times Defendants acted with malice or with callous or reckless indifference

37

to Plaintiff's rights under federal and state law.

## Legal Claims

281.    Plaintiff's seizure, search and arrest was completely without cause and therefore violated his rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

282.    Defendants unlawful and pre-textual intrusion into the home where Plaintiff was temporarily dwelling and seizing and damaging property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

283.    Defendants unlawful seizure and arrest of Plaintiff in order to prevent him from voicing his protest with others at the Biodevastation 7 conference at St. Louis Community College violated his right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

284.    Defendants identification and designation of Plaintiff, Eric Thomas, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff his civil rights and equal protection under the law, and therefore violated his rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

285.    Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

286.    Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Eric Thomas, is a violation of Title 42, U.S.C., section 1386 and the individual

Defendants are liable for this violation.

287.    Plaintiff, Eric Thomas, was subject to false arrest, false imprisonment, and battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

## Request for Jury Trial

288.    Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

## Twelfth Cause of Action - Celeste Verhelst

289.    Paragraphs 1-62 are hereby incorporated by reference.

290.    Plaintiff, Celeste Verhost, is an adult resident of the State of Wisconsin, City of Milwaukee, whose address is c/o Film Video Store, 820 E Locust, Zip Code 53212.

291.    On or about May 16, 2003, at approximately 10:30 a.m., Defendants, Police Officers of the City of St. Louis, State of Missouri, entered the premises at 3309 Illinois in the City of St. Louis, State of Missouri, and arrested Plaintiff, Celeste Verhelst, and seized all her possessions.

292.    Plaintiff, Celeste Verhelst, was subjected to a strip search as defined by Missouri Statute b y agents, servants, and employees of the City of St. Louis, who uipon information and belief, were police officers of the City of St. Louis.

293.    Defendants wrote down Plaintiff's name on a report and captioned her as an "Anarchist" even though Plaintiff did not designate herself in that fashion.

294.    At no time was there reasonable suspicion to detain Plaintiff, Celeste Verhelst, or probable cause to arrest her for any offense.

295.    Nevertheless, Plaintiff, Celeste Verhelst, was arrested and restrained with plastic

handcuffs.

296.    The handcuffs remained on her wrists for a long while.  They were extremely tight and painful and caused extreme discomfort.

297.    Plaintiff, Celeste Verhelst, was transported to jail and held for approximately 20 hours before being released.

298.    Plaintiff's unlawful seizure, arrest, and strip search caused her damages.

299.    At all times Defendants acted under color of state law.

300.    At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

**Legal Claims**

301.    Plaintiff's seizure, search and arrest was completely without cause and therefore violated her rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

302.    Defendants' unlawful and pre-textual intrusion into the home where Plaintiff was temporarily dwelling and seizing and damaging property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

303.    Defendants' unlawful seizure and arrest of Plaintiff in order to prevent her from voicing her protest with others at the Biodevastation 7 conference at St. Louis Community College violated her right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

304.    Defendants' identification and designation of Plaintiff, Celeste Verhelst, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of

denying Plaintiff her civil rights and equal protection under the law, and therefore violated her rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

305.    Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

306.    Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Celeste Verhelst, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

307.    Plaintiff, Celeste Verhelst, was subject to false arrest, false imprisonment, and battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

308.    Plaintiff, Celeste Verhelst, was subject to an unlawful strip search, a violation of Missouri Statute, Title XXXVII, Section 544.193, pursuant to Section 544.195.  Defendant, the City of St. Louis, and the individual Defendants are liable for these state law violations.

### Request for Jury Trial

309.    Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

### Thirteenth Cause of Action - Daniel Green

310.    Paragraphs 1-62 are hereby incorporated by reference.

311.    Plaintiff, Daniel Green, is an adult resident of the State of Missouri, City of St. Louis and at all relevant times was the owner of and an occupant of the residence at 3309 Illinois.

41

312.     On or about May 16, 2003, at approximately 10:30 a.m., Defendants, Police Officers of the City of St. Louis, State of Missouri, unlawfully entered Plaintiff Dan Green's residence at 3309 Illinois in the City of St. Louis, State of Missouri, unlawfully searched the home, and damaged Plaintiff's possessions.

313.     The unlawful search and seizure of and damage to Plaintiff's property caused him damages.

314.     At all times Defendants acted under color of state law.

315.     At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

### Legal Claims

316.     Defendants' unlawful and pre-textual intrusion into and search of the home of Plaintiff Dan Green and the seizing of and damaging of some of Plaintiff's property in his home violated Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

317.     Defendants unlawful acts in order to prevent him from voicing his protest with others at the Biodevastation 7 conference at St. Louis Community College violated his right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

318.     Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

319.     Defendants' failure or negligence to act to prevent the commission of the wrongs

on Plaintiff, Dan Green, is a violation of Title 42, U.S.C., section 1386 and the individual

Defendants are liable for this violation.

## Request for Jury Trial

320.    Plaintiff requests that all issues in this case be tried to a jury to the extent they are

so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the

Federal Rules of Civil Procedure.

### Fourteenth Cause of Action - Art Friedrich

321.    Paragraphs 1-62 are hereby incorporated by reference.

322.    Plaintiff, Arthur Friedrich, is an adult resident of the State of Missouri, City of St.

Louis.

323.    On or about May 16, 2003, at approximately 10:30 a.m., Defendants, Police

Officers of the City of St. Louis, State of Missouri, entered the premises at 3309 Illinois in the

City of St. Louis, State of Missouri, and damaged Plaintiff's possessions.

324.    The unlawful search and seizure of and damage to Plaintiff's property caused him

damages.

325.    At all times Defendants acted under color of state law.

326.    At all times Defendants acted with malice or with callous or reckless indifference

to Plaintiff's rights under federal and state law.

## Legal Claims

327.    Defendants' unlawful and pre-textual intrusion into a home where Plaintiff was

storing some property and search of, seizing, and damaging this property of Plaintiff violated

Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I,

sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

328.    Defendants' unlawful acts in order to prevent him from voicing his protest with

others at the Biodevastation 7 conference at St. Louis Community College violated his right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

329.    Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

330.    Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Art Friedrich, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

**Request for Jury Trial**

331.    Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Fifteenth Cause of Action - Debra Shovall

332.    Paragraphs 1-62 are hereby incorporated by reference.

333.    Plaintiff, Debra Shovall, is an adult resident of the United States.

334.    On or about May 16, 2003, at approximately 10:30 a.m., Defendants, Police Officers of the City of St. Louis, State of Missouri, entered the premises at 3309 Illinois in the City of St. Louis, State of Missouri, and damaged Plaintiff's possessions.

335.    The unlawful search and seizure of and damage to Plaintiff's property caused her damages.

336.    At all times Defendants acted under color of state law.

337.    At all times Defendants acted with malice or with callous or reckless indifference

to Plaintiff's rights under federal and state law.

## Legal Claims

338.    Defendants' unlawful and pre-textual intrusion into a home where Plaintiff was storing some property and search of, seizing, and damaging this property of Plaintiff violated Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

339.    Defendants' unlawful acts in order to prevent her from voicing her protest with others at the Biodevastation 7 conference at St. Louis Community College violated her right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

340.    Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

341.    Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Debra Shovall, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

## Request for Jury Trial

342.    Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

## Pre-Textual Arrests of Bicyclists in Tower Grove Park

343.    Paragraphs 1-35 are hereby incorporated by reference.

344.    On May 16, 2003 at approximately 10:00 am Plaintiffs Adam Appel, David

45

Bailey, Jeffrey Caplan, Eric Gillard, Mary Hastings, Jabari Jones, Ben Majchrzak, Alistair Neill

Stewart, and Thomas Shaver, were riding their bicycles in a group in Tower Grove Park in the

City of St. Louis.

345.    Some of these Plaintiffs, bicyclists, were guests staying at 3309 Illinois.

346.    The bicyclists approached the end of the park.

347.    The bicyclists were riding their bicycles in a pubic park in a reasonable, prudent

manner.

348.    The bicyclists were in no way interfering with anyone else's activities.

349.    The bicyclists were not violating any laws, statutes, ordinances, or regulations.

350.    There was no vehicle traffic on the bicycle paths or roads of the park that the

bicyclists rode through the park on.

351.    The bicyclists were riding to the Biodevestation 7 conference being held at St.

Louis Community College.

352.    The bicyclists intended to participate in this conference.

353.    Some of the bicyclists also intended to participate in the protests of the World

Agricultural Forum later that weekend.

354.    Defendants knew of the intentions of the bicyclists to participate in the

Biodevestation 7 conference and subsequent protests of the World Agricultural Forum.

355.    A parked police patrol vehicle under the control of the Defendants was parked

near the end of the park where Plaintiffs attempted to exit the park.

356.    The Defendants, police officers, waited by their patrol vehicle until the bicyclists

reached their position.

<u>Sixteenth Cause of Action</u> - Adam Appel

357.    Paragraphs 1-35 and 343-356 are hereby incorporated by reference.

358.    Defendants, police officers, acting under color of their authority as police officers of St. Louis City, ordered Plaintiff, Adam Appel, one of the bicyclists, to stop and dismount from his bicycle.

359.    Defendants commenced to question the Plaintiff.

360.    At approximately this time approximately 3-4 additional police patrol vehicles arrived at the scene with more Defendants, police officers.

361.    Defendants demanded to be permitted to search the belongings of the bicyclists that were packed on the bicycles.

362.    Plaintiff and his fellow bicyclists refused to consent to a search of their belongings.

363.    Defendants, police officers, forced Plaintiff to sit on the ground for approximately 45 minutes.

364.    While Plaintiff was sitting on the ground, Defendants refused to respond to Plaintiff's inquiries about whether or not he and his fellow bicyclists were being detained.

365.    While Plaintiff and his fellow bicyclists were sitting on the ground, Defendants threatened anyone who asked to leave with arrest.

366.    Defendants took down the names of all of the bicyclists.

367.    The Defendants, police officers, then arrested Plaintiff, Adam Appel, and confiscated his property.

368.    Defendants charged Plaintiff Adam Appel with violating an ordinance that had been repealed two years earlier.

369.    Defendants commenced to search the belongings of Plaintiff and his fellow bicyclists that were packed on their bicycle.

370.    Plaintiff and his fellow bicyclists verbally objected to these searches as they were

being loaded into a police van.

371.    Defendants ignored these objections.

372.    Plaintiff was then taken to a police station where he was held for approximately 5-6 hours.

373.    While at the police station, a Defendant police officer very quickly opened and shut the door of a cell that held some of the bicyclists and then stated that that had been their "...chance to leave."

374.    At the police station the charge of violating an ordinance repealed 2 years earlier was amended to a false charge of "obstructing traffic."

375.    The intersection at which Plaintiff and his fellow bicyclists had allegedly obstructed traffic was Arsenal Street and S. Compton Avenue.

376.    Plaintiff and his fellow bicyclist had crossed this intersection approximately 1 ½ to 2 miles before they reached the location where they were arrested.

377.    The malicious and unlawful intent of Defendants was to prevent Plaintiff, Adam Appel, from participating in the Biodevestation 7 conference and from protesting the World Agricultural Forum.

378.    Plaintiff was then released.

379.    The bicycles and belongings of Plaintiff had been tampered with before being returned to Plaintiff.

380.    Journals and medicine were missing from the belongings of some of the bicyclists.

381.    Months later, the charges were dropped.

382.    Other, similarly situated bicyclists in the City of St. Louis on that same date were not stopped and arrested nor charged with violating non-existent ordinances nor charged with

48

fabricated charges.

383.    Plaintiff's unlawful seizure and arrest caused him damages.

384.    At all times Defendants acted under color of state law.

385.    At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

## Legal Claims

386.    Plaintiff's seizure, search and arrest was completely without cause and therefore violated his rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

387.    Defendants' unlawful and pre-textual seizure of and damage to property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

388.    Defendants' unlawful seizure and arrest of Plaintiff in order to prevent him from voicing his protest with others at the Biodevastation 7 conference at St. Louis Community College violated his right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

389.    Defendants' identification and designation of Plaintiff, Adam Appel, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff his civil rights and equal protection under the law, and therefore violated his rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

390.    Defendants agreement and conspiracy to violate Plaintiff's constitutional rights is

49

a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

391.    Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Adam Appel, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

392.    Plaintiff, Adam Appel, was subject to false arrest, false imprisonment, and battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

**Request for Jury Trial**

393.    Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

<u>Seventeenth Cause of Action</u> - David Bailey

394.    Paragraphs 1-35 and 343-356 are hereby incorporated by reference.

395.    Defendants, police officers, acting under color of their authority as police officers of St. Louis City, ordered Plaintiff, David Bailey, one of the bicyclists, to stop and dismount from his bicycle.

396.    Defendants commenced to question the Plaintiff.

397.    At approximately this time approximately 3-4 additional police patrol vehicles arrived at the scene with more Defendants, police officers.

398.    Defendants demanded to be permitted to search the belongings of the bicyclists that were packed on the bicycles.

399.    Plaintiff and his fellow bicyclists refused to consent to a search of their belongings.

400.    Defendants, police officers, forced Plaintiff to sit on the ground for approximately 45 minutes.

401.    While Plaintiff was sitting on the ground, Defendants refused to respond to Plaintiff's inquiries about whether or not he and his fellow bicyclists were being detained.

402.    While Plaintiff and his fellow bicyclists were sitting on the ground, Defendants threatened anyone who asked to leave with arrest.

403.    Defendants took down the names of all of the bicyclists.

404.    The Defendants, police officers, then arrested Plaintiff, David Bailey, and confiscated his property.

405.    Defendants charged Plaintiff David Bailey with violating an ordinance that had been repealed two years earlier.

406.    Defendants commenced to search the belongings of Plaintiff and his fellow bicyclists that were packed on their bicycle.

407.    Plaintiff and his fellow bicyclists verbally objected to these searches as they were being loaded into a police van.

408.    Defendants ignored these objections.

409.    Plaintiff was then taken to a police station where he was held for approximately 5-6 hours.

410.    While at the police station, a Defendant police officer very quickly opened and shut the door of a cell that held some of the bicyclists and then stated that that had been their "...chance to leave."

411.    At the police station the charge of violating an ordinance repealed 2 years earlier was amended to a false charge of "obstructing traffic."

412.    The intersection at which Plaintiff and his fellow bicyclists had allegedly

51

obstructed traffic was Arsenal Street and S. Compton Avenue.

413.    Plaintiff and his fellow bicyclist had crossed this intersection approximately 1 ½ to 2 miles before they reached the location where they were arrested.

414.    The malicious and unlawful intent of Defendants was to prevent Plaintiff, David Bailey, from participating in the Biodevestation 7 conference and from protesting the World Agricultural Forum.

415.    Plaintiff was then released.

416.    The bicycles and belongings of Plaintiff had been tampered with before being returned to Plaintiff.

417.    Journals and medicine were missing from the belongings of some of the bicyclists.

418.    Months later, the charges were dropped.

419.    Other, similarly situated bicyclists in the City of St. Louis on that same date were not stopped and arrested nor charged with violating non-existent ordinances nor charged with fabricated charges.

420.    Plaintiff's unlawful seizure and arrest caused him damages.

421.    At all times Defendants acted under color of state law.

422.    At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

### Legal Claims

423.    Plaintiff's seizure, search and arrest was completely without cause and therefore violated his rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

424.    Defendants' unlawful and pre-textual seizure of and damage to property of

52

Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

425.    Defendants' unlawful seizure and arrest of Plaintiff in order to prevent him from voicing his protest with others at the Biodevastation 7 conference at St. Louis Community College violated his right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

426.    Defendants' identification and designation of Plaintiff, David Bailey, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff his civil rights and equal protection under the law, and therefore violated his rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

427.    Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

428.    Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, David Bailey, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

429.    Plaintiff, David Bailey, was subject to false arrest, false imprisonment, and battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

**Request for Jury Trial**

430.    Plaintiff requests that all issues in this case be tried to a jury to the extent they are

so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the

Federal Rules of Civil Procedure.

<u>Eighteenth Cause of Action</u> - Jeffrey Caplan

431.     Paragraphs 1-35 and 343-356 are hereby incorporated by reference.

432.     Defendants, police officers, acting under color of their authority as police officers

of St. Louis City, ordered Plaintiff, Jeffrey Caplan, one of the bicyclists, to stop and dismount

from his bicycle.

433.     Defendants commenced to question the Plaintiff.

434.     At approximately this time approximately 3-4 additional police patrol vehicles

arrived at the scene with more Defendants, police officers.

435.     Defendants demanded to be permitted to search the belongings of the bicyclists

that were packed on the bicycles.

436.     Plaintiff and his fellow bicyclists refused to consent to a search of their

belongings.

437.     Defendants, police officers, forced Plaintiff to sit on the ground for approximately

45 minutes.

438.     While Plaintiff was sitting on the ground, Defendants refused to respond to

Plaintiff's inquiries about whether or not he and his fellow bicyclists were being detained.

439.     While Plaintiff and his fellow bicyclists were sitting on the ground, Defendants

threatened anyone who asked to leave with arrest.

440.     Defendants took down the names of all of the bicyclists.

441.     The Defendants, police officers, then arrested Plaintiff, Jeffrey Caplan, and

confiscated his property.

442.     Defendants charged Plaintiff Jeffrey Caplan with violating an ordinance that had

been repealed two years earlier.

443.    Defendants commenced to search the belongings of Plaintiff and his fellow bicyclists that were packed on their bicycle.

444.    Plaintiff and his fellow bicyclists verbally objected to these searches as they were being loaded into a police van.

445.    Defendants ignored these objections.

446.    Plaintiff was then taken to a police station where he was held for approximately 5-6 hours.

447.    While at the police station, a Defendant police officer very quickly opened and shut the door of a cell that held some of the bicyclists and then stated that that had been their "...chance to leave."

448.    At the police station the charge of violating an ordinance repealed 2 years earlier was amended to a false charge of "obstructing traffic."

449.    The intersection at which Plaintiff and his fellow bicyclists had allegedly obstructed traffic was Arsenal Street and S. Compton Avenue.

450.    Plaintiff and his fellow bicyclist had crossed this intersection approximately 1 ½ to 2 miles before they reached the location where they were arrested.

451.    The malicious and unlawful intent of Defendants was to prevent Plaintiff, Jeffrey Caplan, from participating in the Biodevestation 7 conference and from protesting the World Agricultural Forum.

452.    Plaintiff was then released.

453.    The bicycles and belongings of Plaintiff had been tampered with before being returned to Plaintiff.

454.    Journals and medicine were missing from the belongings of some of the

55

bicyclists.

455.    Months later, the charges were dropped.

456.    Other, similarly situated bicyclists in the City of St. Louis on that same date were not stopped and arrested nor charged with violating non-existent ordinances nor charged with fabricated charges.

457.    Plaintiff's unlawful seizure and arrest caused him damages.

458.    At all times Defendants acted under color of state law.

459.    At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

## Legal Claims

460.    Plaintiff's seizure, search and arrest was completely without cause and therefore violated his rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

461.    Defendants' unlawful and pre-textual seizure of and damage to property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

462.    Defendants' unlawful seizure and arrest of Plaintiff in order to prevent him from voicing his protest with others at the Biodevastation 7 conference at St. Louis Community College violated his right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

463.    Defendants' identification and designation of Plaintiff, Jeffrey Caplan, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of

denying Plaintiff his civil rights and equal protection under the law, and therefore violated his rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

464.   Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

465.   Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Jeffrey Caplan, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

466.   Plaintiff, Jeffrey Caplan, was subject to false arrest, false imprisonment, and battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

### Request for Jury Trial

467.   Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

### Nineteenth Cause of Action - Eric Gillard

468.   Paragraphs 1-35 and 343-356 are hereby incorporated by reference.

469.   Defendants, police officers, acting under color of their authority as police officers of St. Louis City, ordered Plaintiff, Eric Gillard, one of the bicyclists, to stop and dismount from his bicycle.

470.   Defendants commenced to question the Plaintiff.

471.   At approximately this time approximately 3-4 additional police patrol vehicles arrived at the scene with more Defendants, police officers.

472.     Defendants demanded to be permitted to search the belongings of the bicyclists that were packed on the bicycles.

473.     Plaintiff and his fellow bicyclists refused to consent to a search of their belongings.

474.     Defendants, police officers, forced Plaintiff to sit on the ground for approximately 45 minutes.

475.     While Plaintiff was sitting on the ground, Defendants refused to respond to Plaintiff's inquiries about whether or not he and his fellow bicyclists were being detained.

476.     While Plaintiff and his fellow bicyclists were sitting on the ground, Defendants threatened anyone who asked to leave with arrest.

477.     Defendants took down the names of all of the bicyclists.

478.     The Defendants, police officers, then arrested Plaintiff, Eric Gillard, and confiscated his property.

479.     Defendants charged Plaintiff Eric Gillard with violating an ordinance that had been repealed two years earlier.

480.     Defendants commenced to search the belongings of Plaintiff and his fellow bicyclists that were packed on their bicycle.

481.     Plaintiff and his fellow bicyclists verbally objected to these searches as they were being loaded into a police van.

482.     Defendants ignored these objections.

483.     Plaintiff was then taken to a police station where he was held for approximately 5-6 hours.

484.     While at the police station, a Defendant police officer very quickly opened and shut the door of a cell that held some of the bicyclists and then stated that that had been their

58

"...chance to leave."

485.    At the police station the charge of violating an ordinance repealed 2 years earlier was amended to a false charge of "obstructing traffic."

486.    The intersection at which Plaintiff and his fellow bicyclists had allegedly obstructed traffic was Arsenal Street and S. Compton Avenue.

487.    Plaintiff and his fellow bicyclist had crossed this intersection approximately 1 ½ to 2 miles before they reached the location where they were arrested.

488.    The malicious and unlawful intent of Defendants was to prevent Plaintiff, Eric GIllard, from participating in the Biodevestation 7 conference and from protesting the World Agricultural Forum.

489.    Plaintiff was then released.

490.    The bicycles and belongings of Plaintiff had been tampered with before being returned to Plaintiff.

491.    Journals and medicine were missing from the belongings of some of the bicyclists.

492.    Months later, the charges were dropped.

493.    Other, similarly situated bicyclists in the City of St. Louis on that same date were not stopped and arrested nor charged with violating non-existent ordinances nor charged with fabricated charges.

494.    Plaintiff's unlawful seizure and arrest caused him damages.

495.    At all times Defendants acted under color of state law.

496.    At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

**Legal Claims**

497.   Plaintiff's seizure, search and arrest was completely without cause and therefore violated his rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

498.   Defendants' unlawful and pre-textual seizure of and damage to property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

499.   Defendants' unlawful seizure and arrest of Plaintiff in order to prevent him from voicing his protest with others at the Biodevastation 7 conference at St. Louis Community College violated his right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

500.   Defendants' identification and designation of Plaintiff, Eric Gillard, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff his civil rights and equal protection under the law, and therefore violated his rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

501.   Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

502.   Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Eric GIllard, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

503.   Plaintiff, Eric Gillard, was subjected to false arrest, false imprisonment, and

60

battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

**Request for Jury Trial**

504.    Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

<u>Twentieth Cause of Action</u> - Mary Hastings

505.    Paragraphs 1-35 and 343-356 are hereby incorporated by reference.

506.    Defendants, police officers, acting under color of their authority as police officers of St. Louis City, ordered Plaintiff, Mary Hastings, one of the bicyclists, to stop and dismount from her bicycle.

507.    Defendants commenced to question the Plaintiff.

508.    At approximately this time approximately 3-4 additional police patrol vehicles arrived at the scene with more Defendants, police officers.

509.    Defendants demanded to be permitted to search the belongings of the bicyclists that were packed on the bicycles.

510.    Plaintiff and her fellow bicyclists refused to consent to a search of their belongings.

511.    Defendants, police officers, forced Plaintiff to sit on the ground for approximately 45 minutes.

512.    While Plaintiff was sitting on the ground, Defendants refused to respond to Plaintiff's inquiries about whether or not she and her fellow bicyclists were being detained.

513.    While Plaintiff and her fellow bicyclists were sitting on the ground, Defendants threatened anyone who asked to leave with arrest.

61

514.    Defendants took down the names of all of the bicyclists.

515.    The Defendants, police officers, then arrested Plaintiff, Mary Hastings, and confiscated her property.

516.    Defendants charged Plaintiff Mary Hastings with violating an ordinance that had been repealed two years earlier.

517.    Defendants commenced to search the belongings of Plaintiff and her fellow bicyclists that were packed on their bicycle.

518.    Plaintiff and her fellow bicyclists verbally objected to these searches as they were being loaded into a police van.

519.    Defendants ignored these objections.

520.    Plaintiff was then taken to a police station where she was held for approximately 5-6 hours.

521.    While at the police station, a Defendant police officer very quickly opened and shut the door of a cell that held some of the bicyclists and then stated that that had been their "...chance to leave."

522.    At the police station the charge of violating an ordinance repealed 2 years earlier was amended to a false charge of "obstructing traffic."

523.    The intersection at which Plaintiff and her fellow bicyclists had allegedly obstructed traffic was Arsenal Street and S. Compton Avenue.

524.    Plaintiff and her fellow bicyclist had crossed this intersection approximately 1 ½ to 2 miles before they reached the location where they were arrested.

525.    The malicious and unlawful intent of Defendants was to prevent Plaintiff, Mary Hastings, from participating in the Biodevestation 7 conference and from protesting the World Agricultural Forum.

526.     Plaintiff was then released.

527.     The bicycles and belongings of Plaintiff had been tampered with before being returned to Plaintiff.

528.     Journals and medicine were missing from the belongings of some of the bicyclists.

529.     Months later, the charges were dropped.

530.     Other, similarly situated bicyclists in the City of St. Louis on that same date were not stopped and arrested nor charged with violating non-existent ordinances nor charged with fabricated charges.

531.     Plaintiff's unlawful seizure and arrest caused her damages.

532.     At all times Defendants acted under color of state law.

533.     At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

**Legal Claims**

534.     Plaintiff's seizure, search and arrest was completely without cause and therefore violated her rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

535.     Defendants' unlawful and pre-textual seizure of and damage to property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

536.     Defendants' unlawful seizure and arrest of Plaintiff in order to prevent her from voicing her protest with others at the Biodevastation 7 conference at St. Louis Community College violated her right to free speech, freedom of assembly, and freedom of association

63

guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

537.    Defendants' identification and designation of Plaintiff, Mary Hastings, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff her civil rights and equal protection under the law, and therefore violated her rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

538.    Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

539.    Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Mary Hastings, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

540.    Plaintiff, Mary Hastings, was subject to false arrest, false imprisonment, and battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

**Request for Jury Trial**

541.    Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Twenty-first Cause of Action - Jabari Jones

542.    Paragraphs 1-35 and 343-356 are hereby incorporated by reference.

543.    Defendants, police officers, acting under color of their authority as police officers of St. Louis City, ordered Plaintiff, Jabari Jones, one of the bicyclists, to stop and dismount from

his bicycle.

544.    Defendants commenced to question the Plaintiff.

545.    At approximately this time approximately 3-4 additional police patrol vehicles arrived at the scene with more Defendants, police officers.

546.    Defendants demanded to be permitted to search the belongings of the bicyclists that were packed on the bicycles.

547.    Plaintiff and his fellow bicyclists refused to consent to a search of their belongings.

548.    Defendants, police officers, forced Plaintiff to sit on the ground for approximately 45 minutes.

549.    While Plaintiff was sitting on the ground, Defendants refused to respond to Plaintiff's inquiries about whether or not he and his fellow bicyclists were being detained.

550.    While Plaintiff and his fellow bicyclists were sitting on the ground, Defendants threatened anyone who asked to leave with arrest.

551.    Defendants took down the names of all of the bicyclists.

552.    The Defendants, police officers, then arrested Plaintiff, Jabari Jones, and confiscated his property.

553.    Defendants charged Plaintiff Jabari Jones with violating an ordinance that had been repealed two years earlier.

554.    Defendants commenced to search the belongings of Plaintiff and his fellow bicyclists that were packed on their bicycle.

555.    Plaintiff and his fellow bicyclists verbally objected to these searches as they were being loaded into a police van.

556.    Defendants ignored these objections.

557.    Plaintiff was then taken to a police station where he was held for approximately five to six hours.

558.    While at the police station, a Defendant police officer very quickly opened and shut the door of a cell that held some of the bicyclists and then stated that that had been their "...chance to leave."

559.    At the police station the charge of violating an ordinance repealed 2 years earlier was amended to a false charge of "obstructing traffic."

560.    The intersection at which Plaintiff and his fellow bicyclists had allegedly obstructed traffic was Arsenal Street and S. Compton Avenue.

561.    Plaintiff and his fellow bicyclist had crossed this intersection approximately 1 ½ to 2 miles before they reached the location where they were arrested.

562.    The malicious and unlawful intent of Defendants was to prevent Plaintiff, Jabari Jones, from participating in the Biodevestation 7 conference and from protesting the World Agricultural Forum.

563.    Plaintiff was then released.

564.    The bicycles and belongings of Plaintiff had been tampered with before being returned to Plaintiff.

565.    Journals and medicine were missing from the belongings of some of the bicyclists.

566.    Months later, the charges were dropped.

567.    Other, similarly situated bicyclists in the City of St. Louis on that same date were not stopped and arrested nor charged with violating non-existent ordinances nor charged with fabricated charges.

568.    Plaintiff's unlawful seizure and arrest caused him damages.

569.    At all times Defendants acted under color of state law.

570.    At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

**Legal Claims**

571.    Plaintiff's seizure, search and arrest was completely without cause and therefore violated his rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

572.    Defendants' unlawful and pre-textual seizure of and damage to property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

573.    Defendants' unlawful seizure and arrest of Plaintiff in order to prevent him from voicing his protest with others at the Biodevastation 7 conference at St. Louis Community College violated his right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

574.    Defendants' identification and designation of Plaintiff, Jabari Jones, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff his civil rights and equal protection under the law, and therefore violated his rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

575.    Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

576.    Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Jabari Jones, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

577.    Plaintiff, Jabari Jones, was subjected to false arrest, false imprisonment, and battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

### Request for Jury Trial

578.    Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

### Twenty-second Cause of Action - Ben Majchrzak

579.    Paragraphs 1-35 and 343-356 are hereby incorporated by reference.

580.    Defendants, police officers, acting under color of their authority as police officers of St. Louis City, ordered Plaintiff, Ben Majchrzak, one of the bicyclists, to stop and dismount from his bicycle.

581.    Defendants commenced to question the Plaintiff.

582.    At approximately this time approximately 3-4 additional police patrol vehicles arrived at the scene with more Defendants, police officers.

583.    Defendants demanded to be permitted to search the belongings of the bicyclists that were packed on the bicycles.

584.    Plaintiff and his fellow bicyclists refused to consent to a search of their belongings.

585.    Defendants, police officers, forced Plaintiff to sit on the ground for approximately 45 minutes.

586.    While Plaintiff was sitting on the ground, Defendants refused to respond to Plaintiff's inquiries about whether or not he and his fellow bicyclists were being detained.

587.    While Plaintiff and his fellow bicyclists were sitting on the ground, Defendants threatened anyone who asked to leave with arrest.

588.    Defendants took down the names of all of the bicyclists.

589.    The Defendants, police officers, then arrested Plaintiff, Ben Majchrzak, and confiscated his property.

590.    Defendants charged Plaintiff Ben Majchrzak with violating an ordinance that had been repealed two years earlier.

591.    Defendants commenced to search the belongings of Plaintiff and his fellow bicyclists that were packed on their bicycle.

592.    Plaintiff and his fellow bicyclists verbally objected to these searches as they were being loaded into a police van.

593.    Defendants ignored these objections.

594.    Plaintiff was then taken to a police station where he was held for approximately 5-6 hours.

595.    While at the police station, a Defendant police officer very quickly opened and shut the door of a cell that held some of the bicyclists and then stated that that had been their "...chance to leave."

596.    At the police station the charge of violating an ordinance repealed 2 years earlier was amended to a false charge of "obstructing traffic."

597.    The intersection at which Plaintiff and his fellow bicyclists had allegedly obstructed traffic was Arsenal Street and S. Compton Avenue.

598.    Plaintiff and his fellow bicyclist had crossed this intersection approximately 1 ½

69

to 2 miles before they reached the location where they were arrested.

599.    The malicious and unlawful intent of Defendants was to prevent Plaintiff, Ben Majchrzak, from participating in the Biodevestation 7 conference and from protesting the World Agricultural Forum.

600.    Plaintiff was then released.

601.    The bicycles and belongings of Plaintiff had been tampered with before being returned to Plaintiff.

602.    Journals and medicine were missing from the belongings of some of the bicyclists.

603.    Months later, the charges were dropped.

604.    Other, similarly situated bicyclists in the City of St. Louis on that same date were not stopped and arrested nor charged with violating non-existent ordinances nor charged with fabricated charges.

605.    Plaintiff's unlawful seizure and arrest caused him damages.

606.    At all times Defendants acted under color of state law.

607.    At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

### Legal Claims

608.    Plaintiff's seizure, search and arrest was completely without cause and therefore violated his rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation

609.    Defendants' unlawful and pre-textual seizure of and damage to property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are

70

liable for this violation.

610.    Defendants' unlawful seizure and arrest of Plaintiff in order to prevent him from voicing his protest with others at the Biodevastation 7 conference at St. Louis Community College violated his right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

611.    Defendants' identification and designation of Plaintiff, Ben Majchrzak, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff his civil rights and equal protection under the law, and therefore violated his rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

612.    Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

613.    Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Ben Majchrzak, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

614.    Plaintiff, Ben Majchrzak, was subject to false arrest, false imprisonment, and battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

### Request for Jury Trial

615.    Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

<u>Twenty-third Cause of Action</u> - Alistair Neill Stewart

616.    Paragraphs 1-35 and 343-356 are hereby incorporated by reference.

617.    Defendants, police officers, acting under color of their authority as police officers of St. Louis City, ordered Plaintiff, Alistair Steward, one of the bicyclists, to stop and dismount from his bicycle.

618.    Defendants commenced to question the Plaintiff.

619.    At approximately this time approximately 3-4 additional police patrol vehicles arrived at the scene with more Defendants, police officers.

620.    Defendants demanded to be permitted to search the belongings of the bicyclists that were packed on the bicycles.

621.    Plaintiff and his fellow bicyclists refused to consent to a search of their belongings.

622.    Defendants, police officers, forced Plaintiff to sit on the ground for approximately 45 minutes.

623.    While Plaintiff was sitting on the ground, Defendants refused to respond to Plaintiff's inquiries about whether or not he and his fellow bicyclists were being detained.

624.    While Plaintiff and his fellow bicyclists were sitting on the ground, Defendants threatened anyone who asked to leave with arrest.

625.    Defendants took down the names of all of the bicyclists.

626.    The Defendants, police officers, then arrested Plaintiff, Alistair Stewart, and confiscated his property.

627.    Defendants charged Plaintiff Alistair Stewart with violating an ordinance that had been repealed two years earlier.

628.    Defendants commenced to search the belongings of Plaintiff and his fellow

bicyclists that were packed on their bicycle.

629.     Plaintiff and his fellow bicyclists verbally objected to these searches as they were being loaded into a police van.

630.     Defendants ignored these objections.

631.     Plaintiff was then taken to a police station where he was held for approximately 5-6 hours.

632.     While at the police station, a Defendant police officer very quickly opened and shut the door of a cell that held some of the bicyclists and then stated that that had been their "...chance to leave."

633.     At the police station the charge of violating an ordinance repealed 2 years earlier was amended to a false charge of "obstructing traffic."

634.     The intersection at which Plaintiff and his fellow bicyclists had allegedly obstructed traffic was Arsenal Street and S. Compton Avenue.

635.     Plaintiff and his fellow bicyclist had crossed this intersection approximately 1 ½ to 2 miles before they reached the location where they were arrested.

636.     The malicious and unlawful intent of Defendants was to prevent Plaintiff, Alistair Stewart, from participating in the Biodevestation 7 conference and from protesting the World Agricultural Forum.

637.     Plaintiff was then released.

638.     The bicycles and belongings of Plaintiff had been tampered with before being returned to Plaintiff.

639.     Journals and medicine were missing from the belongings of some of the bicyclists.

640.     Months later, the charges were dropped.

641.    Other, similarly situated bicyclists in the City of St. Louis on that same date were not stopped and arrested nor charged with violating non-existent ordinances nor charged with fabricated charges.

642.    Plaintiff's unlawful seizure and arrest caused him damages.

643.    At all times Defendants acted under color of state law.

644.    At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

**Legal Claims**

645.    Plaintiff's seizure, search and arrest was completely without cause and therefore violated his rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

646.    Defendants' unlawful and pre-textual seizure of and damage to property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

647.    Defendants' unlawful seizure and arrest of Plaintiff in order to prevent him from voicing his protest with others at the Biodevastation 7 conference at St. Louis Community College violated his right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

648.    Defendants' identification and designation of Plaintiff, Alistair Neill Stewart, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff his civil rights and equal protection under the law, and therefore violated his rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2

74

of the Missouri Constitution.  Defendants are liable for this violation.

649.   Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

650.   Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Alistair Neill Stewart, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

651.   Plaintiff, Alistair Neill Stewart, was subject to false arrest, false imprisonment, and battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

## Request for Jury Trial

652.   Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

### Twenty-fourth Cause of Action - Thomas Shaver

653.   Paragraphs 1-35 and 343-356 are hereby incorporated by reference.

654.   Defendants, police officers, acting under color of their authority as police officers of St. Louis City, ordered Plaintiff, Thomas Shaver, one of the bicyclists, to stop and dismount from his bicycle.

655.   Defendants commenced to question the Plaintiff.

656.   At approximately this time approximately 3-4 additional police patrol vehicles arrived at the scene with more Defendants, police officers.

657.   Defendants demanded to be permitted to search the belongings of the bicyclists that were packed on the bicycles.

658.     Plaintiff and his fellow bicyclists refused to consent to a search of their belongings.

659.     Defendants, police officers, forced Plaintiff to sit on the ground for approximately 45 minutes.

660.     While Plaintiff was sitting on the ground, Defendants refused to respond to Plaintiff's inquiries about whether or not he and his fellow bicyclists were being detained.

661.     While Plaintiff and his fellow bicyclists were sitting on the ground, Defendants threatened anyone who asked to leave with arrest.

662.     Defendants took down the names of all of the bicyclists.

663.     The Defendants, police officers, then arrested Plaintiff, Thomas Shaver, and confiscated his property.

664.     Defendants charged Plaintiff Thomas Shaver with violating an ordinance that had been repealed two years earlier.

665.     Defendants commenced to search the belongings of Plaintiff and his fellow bicyclists that were packed on their bicycle.

666.     Plaintiff and his fellow bicyclists verbally objected to these searches as they were being loaded into a police van.

667.     Defendants ignored these objections.

668.     Plaintiff was then taken to a police station where he was held for approximately 5-6 hours.

669.     While at the police station, a Defendant police officer very quickly opened and shut the door of a cell that held some of the bicyclists and then stated that that had been their "...chance to leave."

670.     At the police station the charge of violating an ordinance repealed 2 years earlier

76

was amended to a false charge of "obstructing traffic."

671.    The intersection at which Plaintiff and his fellow bicyclists had allegedly obstructed traffic was Arsenal Street and S. Compton Avenue.

672.    Plaintiff and his fellow bicyclist had crossed this intersection approximately 1 ½ to 2 miles before they reached the location where they were arrested.

673.    The malicious and unlawful intent of Defendants was to prevent Plaintiff, Thomas Shaver, from participating in the Biodevestation 7 conference and from protesting the World Agricultural Forum.

674.    Plaintiff was then released.

675.    The bicycles and belongings of Plaintiff had been tampered with before being returned to Plaintiff.

676.    Journals and medicine were missing from the belongings of some of the bicyclists.

677.    Months later, the charges were dropped.

678.    Other, similarly situated bicyclists in the City of St. Louis on that same date were not stopped and arrested nor charged with violating non-existent ordinances nor charged with fabricated charges.

679.    Plaintiff's unlawful seizure and arrest caused him damages.

680.    At all times Defendants acted under color of state law.

681.    At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

**Legal Claims**

682.    Plaintiff's seizure, search and arrest was completely without cause and therefore violated his rights under the Fourth Amendment to the United States Constitution and Article I,

sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

683.    Defendants' unlawful and pre-textual seizure of and damage to property of Plaintiff also violates Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

684.    Defendants' unlawful seizure and arrest of Plaintiff in order to prevent him from voicing his protest with others at the Biodevastation 7 conference at St. Louis Community College violated his right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

685.    Defendants' identification and designation of Plaintiff, Thomas Shaver, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff his civil rights and equal protection under the law, and therefore violated his rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

686.    Defendants' agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

687.    Defendants' failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Thomas Shaver, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

688.    Plaintiff, Thomas Shaver, was subject to false arrest, false imprisonment, and battery.  Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

78

## Request for Jury Trial

689.    Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

## Pre-Textual Stop of a Pedestrian

### <u>Twenty-fifth Cause of Action</u> - Eric Carter

690.    Paragraphs 1-37 are hereby incorporated by reference.

691.    On May 16, 2003, Plaintiff Eric Carter was walking by himself on the sidewalk of a public street in St. Louis.

692.    Plaintiff Eric Carter was walking and acting in a reasonable, prudent manner.

693.    Plaintiff Eric Carter was in no way interfering with anyone else's activities.

694.    Plaintiff Eric Carter was not violating any laws, statutes, ordinances, or regulations.

695.    Plaintiff Eric Carter was not, at that time, expressing in any way his opposition to the World Agricultural Forum nor was he expressing any other political, social, cultural, or artistic opinion.

696.    Plaintiff Eric Carter was carrying a bag that contained legal documents, notes with names and address on them, and food.

697.    The bag contained no contraband or evidence of crimes.

698.    Plaintiff Eric Carter intended to participate in the protests of the World Agricultural Forum that weekend and he associated with others that also intended to participate in the protests.

699.    Defendants knew of these intentions and associations.

700.    Two police officers in a marked police car pulled up alongside Plaintiff Eric

carter.

701.    These officers wore police uniforms with no badges or name tags.

702.    These officers commenced to question Eric Carter about his intentions and reasons for being in St. Louis.

703.    These officers ordered Plaintiff to sit on the curb.

704.    Another, unmarked police car containing a plainclothes officer pulled up.

705.    This officer forcefully and without his consent took the bag Plaintiff was carrying.

706.    The officer emptied the contents of the bag.

707.    No contraband, evidence of a crime, or suspicious material was found.

708.    Defendant police officers then put Plaintiff in handcuffs.

709.    Defendants put Plaintiff in the back of a police vehicle.

710.    Defendant police officers refused to answer Plaintiff's inquiries about whether he was being arrested.

711.    Defendant police officers drove around the City of St. Louis with Plaintiff in the back for approximately 4-5 hours.

712.    During these 4-5 hours, approximately 8 different officers were in the car at one point or another.

713.    Plaintiff repeatedly gave the officers his name.

714.    The officers repeatedly heard on the radio that there were no warrants out for Plaintiff.

715.    Plaintiff was finally taken to South Police Station.

716.    A Defendant police officer at South Station was verbally abusive and threatened to mace Plaintiff.

717.    2-3 hours later Plaintiff was transferred to the main police headquarters.

718.   Plaintiff was then released on bond.

719.   Plaintiff was never given any paperwork whatsoever in regards to his arrest.

720.   Based on verbal statements from Defendant police officers during the course of the above related events, Plaintiff Eric Carter believes that he was arrested for "public demonstration."

721.   Plaintiff was informed by his lawyers of his court date.

722.   At court on the court date, there was no police report and all charges against Plaintiff were dismissed.

723.   Defendant police officers, acting under color of their authority as police officers of St. Louis City, arrested, improperly handcuffed, confiscated the property of and incarcerated Plaintiff Eric Carter.

724.   Other, similarly situated pedestrians in the City of St. Louis on that date were not so arrested.

725.   The intent of the police was to prevent Eric Carter from protesting at the World Agricultural Forum.

726.   No articulable reason to stop, search, seize, detain, or arrest Plaintiff Eric Carter existed.

727.   Plaintiff Eric Carter was held for twenty hours.

728.   Plaintiff's unlawful seizure and arrest caused him damages.

729.   At all times Defendants acted under color of state law.

730.   At all times Defendants acted with malice or with callous or reckless indifference to Plaintiff's rights under federal and state law.

### Legal Claims

731.   Plaintiff's seizure, search and arrest was completely without cause and therefore

violated his rights under the Fourth Amendment to the United States Constitution and Article I, sections 10 and 15 of the Missouri Constitution.  Defendants are liable for this violation.

732.    Defendants unlawful seizure and arrest of Plaintiff in order to prevent him from voicing his protest with others at the Biodevastation 7 conference at St. Louis Community College violated his right to free speech, freedom of assembly, and freedom of association guaranteed by the First Amendment to the United States Constitution and Article I, sections 8 and 9 of the Missouri Constitution.  Defendants are liable for this violation.

733.    Defendants identification and designation of Plaintiff, Eric Carter, as an "Anarchist" was an unlawful classification of Plaintiff with the unconstitutional motive of denying Plaintiff his civil rights and equal protection under the law, and therefore violated his rights under the Fourteenth Amendment to the United States Constitution and Article I, section 2 of the Missouri Constitution.  Defendants are liable for this violation.

734.    Defendants agreement and conspiracy to violate Plaintiff's constitutional rights is a violation of Title 42, U.S.C., section 1385 and the individual Defendants are liable for this violation.

735.    Defendants failure or negligence to act to prevent the commission of the wrongs on Plaintiff, Eric Carter, is a violation of Title 42, U.S.C., section 1386 and the individual Defendants are liable for this violation.

736.    Plaintiff, Eric Carter, was subject to false arrest, false imprisonment, and battery. Defendant, the City of St. Louis and the individual Defendants are liable for these state law violations.

### Request for Jury Trial

737.    Plaintiff requests that all issues in this case be tried to a jury to the extent they are so triable under the Seventh Amendment to the United States Constitution and Rule 38 of the

Federal Rules of Civil Procedure.

738.    As a direct and proximate result of the actions of defendants described above, plaintiffs have been damaged in the amount of at least $1,000 each, as follows:

a.      The actions of defendants described above were performed with evil motive and with the intent to injure plaintiffs and to coerce them into not exercising their First Amendment rights, entitling plaintiffs to punitive damages in the amount of at least $1,000 each, against all defendants individually and collectively.

b.      The actions of defendants described above were performed with reckless and callous disregard for the constitutional rights of plaintiffs, entitling plaintiff to punitive damages in the amount of at least $1,000 each, against all defendants individually.

c.      Plaintiffs have no adequate remedy at law and will be irreparably injured unless the court grants the injunctive relief requested by the complaint since Plaintiffs are in real and immediate danger of harm whenever they enter the city of St. Louis and some of the plaintiff reside in or near St. Louis city.

Prayer for Relief

WHEREFORE, plaintiffs pray for the following relief against defendants:

A.      Judgment in favor of plaintiff and against defendants in the amount of a minimum of $1,000 each, compensatory damages; and

B.      Judgment in favor of plaintiff and against all defendants in the amount of a minimum of $1,000 each, punitive damages; and

C.      Preliminary and permanent injunctions enjoining defendants from using pre-textual detentions and arrests of individuals; and

D.      A declaratory judgment that pre-textual detentions and arrest are unconstitutional

and of no effect; and

E.      Judgment for plaintiffs and against defendants for plaintiffs' reasonable attorneys

fees and costs in this action; and

F.      Such other relief as is just.

Respectfully submitted,

**CAPES, SOKOL, GOODMAN &
SARACHAN, P.C.**

By:   **/s/Gary R. Sarachan**
     ACLU/EM Cooperating Attorneys for Plaintiffs, on
      behalf of the American Civil Liberties Union of
      Eastern Missouri
     Gary R. Sarachan, MBE# 25683 EDMO #4264
     Sheila Greenbaum, MBE #25422 EDMO#504517
     7701 Forsyth Boulevard, Fourth Floor
     St. Louis, Missouri  63105
     Telephone:  (314) 721-7701
     Facsimile:   (314) 721-0554


     Rory Ellinger, Esq.
     Kenneth Blumenthal, Esq.
     Ellinger & Associates, P.C.
     797 West Terra Lane
     O'Fallon, Missouri 63366
     E-Mail: roryelling@aol.com
     **Co-Counsel for Plaintiffs**

     William Quick, Esq.
     7751 Carondelet, Suite 403
     St. Louis, Missouri 63105
     **Co-Counsel for Plaintiffs**

Anthony E. Rothert, Esq.
ACLU of Eastern Missouri
4557 Laclede Avenue
St. Louis, MO 63108
**Co-Counsel for Plaintiffs**


## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June, 2006, a copy of the foregoing was electronically filed with the Court to be served by operation of the Court's electronic filing system upon the following:

Carl W. Yates, III, Esq.
Associate City Counselor
City of St. Louis, Missouri
City Counselor's Office
1200 Market Street, Room 314
St. Louis, Missouri 63103
E-Mail:  yatesw@stlouiscity.com
**Attorney for Defendants Francis G. Slay, Mary A. Hart,**
**Lyle Maninger, Dennis Melton, John McNulty, City of St. Louis**
**and the St. Louis Building & Zoning Commission**

Denise L. Thomas, Esq. - Assistant Attorney General
Attorney General's Office
720 Olive Street, Suite 2150
St. Louis, Missouri 63101
E-Mail: denise.thomas@ago.mo.gov
**Attorney for Defendants Board of Police Commissioners,**
**Mokwa, Blansitt, Seever, Engelhardt, Cuvcuotte, Bockstruck and Hall**


                    **/s/Gary R. Sarachan**