UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADAM APPEL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:05CV-772SNL |
| ) | |
| THE CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH THE
DEPOSITION NOTICE OF POLICE CHIEF MOKWA
AND REQUEST FOR RECONSIDERATION OF THE DENIAL OF
MOTION TO DISMISS**

Plaintiffs seek to take the deposition of St. Louis Police Chief Joseph Mokwa on March 7, 2007.  For reasons set out below, Defendant Mokwa moves to quash Plaintiffs' notice of deposition.  Defendant Mokwa also asks the Court to reconsider defendants' motion to dismiss with respect to him only.

**1. Chief Mokwa is a High-Ranking Official Entitled to a Protective Order Under Fed. R. Civ. P 26(c)(3)**

Because Chief Mokwa is a high-ranking official, he should not have to submit to a deposition unless the Plaintiffs can show why his deposition is specifically needed.  Litigation as a whole and especially discovery has become time-consuming and expensive, therefore a district court judge has ample power to prevent "undue and uncontrolled discovery." *Herbert v. Lando,* 441 U.S. 153, 176-177 (1979).  In keeping with that goal, Federal Rule of Civil Procedure 26(c)(3) states that a court can enter a protective order upon a request of a party during discovery to protect a person from annoyance, oppression, or undue burden or expense.  Courts recognize that in order to prevent such annoyance, oppression or undue burden or expense, high-ranking

1

government officials are entitled to special protections in the discovery process and cannot be deposed absent a showing of specific need. *See Bituminous Materials, Inc. v. Rice County, Minnesota*, 126 F.3d 1068, 1071 note 2 (8th Cir. 1997) (Deposition of county commissioners barred although there were allegations of personal animus against the plaintiff); *Sweeney v. Bond*, 699 F.2d 542, 546 (8th Cir. 1982), *cert. denied*, 459 U.S. 878 (1982) (Deposition of the governor of Missouri barred absent showing by plaintiffs of specific need).

In a similar Seventh Circuit case, a police superintendent was sued along with several of his officers for alleged constitutional violations. The Seventh Circuit affirmed the decision of the district court to bar the deposition of the superintendent at least until the plaintiff submitted written interrogatories that would indicate what value deposing him would have. *Olivieri v. Rodriguez*, 122 F.3d 406, 409 (7th Cir. 1997). As the Seventh Circuit stated, "[high-ranking officials] should not have to spend their time giving depositions in cases arising out of the performance of their official duties unless there is some reason to believe that the deposition will produce or lead to admissible evidence." *Id*. at 409-410. Like the defendant in the *Olivieri* case, Chief Mokwa is a busy man. Plaintiffs' complaint fails to state how Chief Mokwa is liable, and the deposition notice does not give any indication as to what value there is in deposing him. In short, the Plaintiffs have failed to show that Chief Mokwa possesses information that is essential to their case and cannot be obtained from another defendant. Chief Mokwa asks the court to grant him a protective order, so that he will only be obligated to be deposed if the plaintiffs can show the court why it is necessary.

### 2. Chief Mokwa Should be Dismissed From This Lawsuit.

The police department defendants previously moved for dismissal on June 29, 2005. ECF Doc. 5. That motion was denied by this Court on December 14, 2005. ECF Doc. 44. For

the following reasons, Defendant Mokwa respectfully asks the Court to reconsider the defendants' motion to dismiss with respect to Chief Mokwa.

A state actor is entitled to qualified immunity from civil liability when his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), *Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005). In determining this question, the court must first see if the state official violated the plaintiff's rights. *Id.* The Plaintiffs do not allege that Chief Mokwa was a the scene of the alleged violations or was directly involved in any way. The only possible theory of liability that could be pursued against Chief Mokwa is supervisory liability.

There is nothing in the pleadings that suggests supervisory liability exists with respect to Chief Mokwa. A supervisor cannot be held liable on a theory of *respondeat superior* for constitutional violations committed by his employees. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). However, a supervisor such as a police chief may be held liable under § 1983 if he directly participated in the violation of a plaintiff's constitutional rights or if his failure to train or supervise the offending actor caused the violation. *Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 806 (8th Cir. 1994).

Failure to train or supervise occurs when the supervisor had notice that the training procedures were inadequate and likely to result in a constitutional violation. *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996). This requires a showing that the supervisor demonstrated deliberate indifference to or tacit authorization of the offensive acts. *Liebe v. Norton*, 157 F.3d 574, 579 (8th Cir. 1998). Deliberate indifference is when the supervisor was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). As stated above,

3

there are no allegations of direct participation in the alleged constitutional violations by Chief Mokwa, or that Chief Mokwa is liable by failing to train or supervise his officers.

## CONCLUSION

Defendants respectfully request that this Court issue a protective order barring the deposition of Chief Mokwa, or alternatively grant the defendant's motion to dismiss, and for such other relief as this Court deems just.

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General

*/s/ Denise L. Thomas*

---

Denise L. Thomas, #4538
Assistant Attorney General

Christopher Carenza, MBE #36344
Assistant Attorney General

Old Post Office
815 Olive Street
St. Louis, MO 63101
Telephone:  (314) 340-7861
Facsimile:  (314) 340-7029

ATTORNEYS FOR DEFENDANTS BOARD OF POLICE COMMISSIONERS, CHIEF MOKWA, BLANSITT, SEEBER, ENGLEHARDT, CERIOTTI, BOCKSTRUCK, AND HALL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served up the following parties via this Court's electronic filing system this _21st day of February, 2007:

Rory Ellinger
Kenneth Blumenthal
Ellinger & Associates, P.C.
797 W. Terra Lane
O'Fallon, MO  63366

Gary R. Sarachan
Sheila Greenbaum
Capes and Sokol
7701 Forsyth Boulevard
Fourth Floor, Suite 400
St. Louis, MO  63105

Carl W. Yates, III
Associate City Counselor
City Counselor's Office
1200 Market
City Hall - Room 314
St. Louis, MO  63103

William Quick, Esq.
7751 Carondelet, Suite 403
Clayton, MO  63105

Anthony E. Rothert
James G Felakos, Jr.
ACLU of Eastern Missouri
4557 Laclede Avenue
St. Louis, MO  63108

/s/ *Denise L. Thomas*

Assistant Attorney General

5