UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADAM APPEL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:05CV-772SNL |
| | ) |
| THE CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH THE
DEPOSITION NOTICE OF  MAYOR FRANCIS SLAY
AND REQUEST FOR RECONSIDERATION OF THE DENIAL OF
MOTION TO DISMISS**

Plaintiffs seek to take the deposition of St. Louis Police  Mayor Francis Slay on March 7, 2007.  Mayor Slay is named as a defendant in his capacity as a member of the St. Louis Board of Police Commissioners.  Plaintiffs have not specified the capacity in which they seek to depose Mayor Slay, whether solely as a member of the Board, or also as a witness, as mayor of Defendant the City of St. Louis.  Previously, Defendant Chief Mokwa moved to quash his deposition, also scheduled March 7, 2007.  That motion remains pending.

For reasons set out below, substantially identical to those set forth by Chief Mokwa, Mayor Slay moves to quash Plaintiffs' notice of deposition.  Mayor Slay also asks the Court to reconsider defendants' motion to dismiss with respect to him only.

1

### 1. Mayor Slay is a High-Ranking Official Entitled to a Protective Order Under Fed. R. Civ. P 26(c)(3)

Because Mayor Slay is a high-ranking official, he should not have to submit to a deposition unless the Plaintiffs can show why his deposition is specifically needed. Litigation as a whole and especially discovery has become time-consuming and expensive, therefore a district court judge has ample power to prevent "undue and uncontrolled discovery." *Herbert v. Lando,* 441 U.S. 153, 176-177 (1979). In keeping with that goal, Federal Rule of Civil Procedure 26(c)(3) states that a court can enter a protective order upon a request of a party during discovery to protect a person from annoyance, oppression, or undue burden or expense. Courts recognize that in order to prevent such annoyance, oppression or undue burden or expense, high-ranking government officials are entitled to special protections in the discovery process and cannot be deposed absent a showing of specific need. *See Bituminous Materials, Inc. v. Rice County, Minnesota*, 126 F.3d 1068, 1071 note 2 (8th Cir. 1997) (Deposition of county commissioners barred although there were allegations of personal animus against the plaintiff); *Sweeney v. Bond*, 699 F.2d 542, 546 (8th Cir. 1982), *cert. denied*, 459 U.S. 878 (1982) (Deposition of the governor of Missouri barred absent showing by plaintiffs of specific need).

In a similar Seventh Circuit case, a police superintendent was sued along with several of his officers for alleged constitutional violations. The Seventh Circuit affirmed the decision of the district court to bar the deposition of the superintendent at least until the plaintiff submitted written interrogatories that would indicate what value deposing him would have. *Olivieri v. Rodriguez*, 122 F.3d 406, 409 (7th Cir. 1997). As the Seventh Circuit stated, "[high-ranking officials] should not have to spend their time giving depositions in cases arising out of the performance of their official duties unless there is some reason to believe that the deposition will

produce or lead to admissible evidence." *Id*. at 409-410.  Like the defendant in the *Olivieri* case, the Mayor has many obligations on his time.  Plaintiffs' complaint fails to state how Mayor Slay is liable, and the deposition notice does not give any indication as to what value there is in deposing him.  In short, the Plaintiffs have failed to show that Mayor Slay possesses information that is essential to their case and cannot be obtained from another defendant.  Mayor Slay asks the court to grant him a protective order, so that he will only be obligated to be deposed if the plaintiffs can show the court why it is necessary.

**2.  Mayor Slay, as a member of the Board of Police Commissioners, should be Dismissed From This Lawsuit.**

The police department defendants previously moved for dismissal on June 29, 2005. ECF Doc. 5.  That motion was denied by this Court on December 14, 2005.  ECF Doc. 44.  For the reasons set forth in Chief Mokwa's motion requesting reconsideration of the motion to dismiss as to him, which are equally applicable to Mayor Slay, Mayor Slay respectfully asks the Court to reconsider the defendants' motion to dismiss with respect to him.

## CONCLUSION

Defendants respectfully request that this Court issue a protective order barring the deposition of Mayor Slay, or alternatively grant the defendant's motion to dismiss, and for such other relief as this Court deems just.

    Respectfully submitted,

    JEREMIAH W. (JAY) NIXON
    Attorney General

    */s/ Denise L. Thomas*
    _____
    Denise L. Thomas, #4538
    Assistant Attorney General

Christopher Carenza, MBE #36344
Assistant Attorney General

Old Post Office
815 Olive Street
St. Louis, MO 63101
Telephone:    (314) 340-7861
Facsimile:    (314) 340-7029

ATTORNEYS FOR DEFENDANTS BOARD OF
POLICE COMMISSIONERS, CHIEF MOKWA,
BLANSITT, SEEBER, ENGLEHARDT,
CERIOTTI, BOCKSTRUCK, AND HALL

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served up the following parties via this Court's electronic filing system this _27th day of February, 2007:

Rory Ellinger
Kenneth Blumenthal
Ellinger & Associates, P.C.
797 W. Terra Lane
O'Fallon, MO  63366

Gary R. Sarachan
Sheila Greenbaum
Capes and Sokol
7701 Forsyth Boulevard
Fourth Floor, Suite 400
St. Louis, MO  63105

Carl W. Yates, III
Associate City Counselor
City Counselor's Office
1200 Market
City Hall - Room 314
St. Louis, MO  63103

William Quick, Esq.
7751 Carondelet, Suite 403
Clayton, MO  63105

Anthony E. Rothert
James G Felakos, Jr.
ACLU of Eastern Missouri
4557 Laclede Avenue
St. Louis, MO  63108

/s/ *Denise L. Thomas*

Assistant Attorney General

5