**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADAM APPEL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No:  4:05CV772 SNL |
| | ) | |
| THE CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFFS' OPPOSITION TO MOTION TO QUASH**
**DEPOSITION NOTICE OF POLICE CHIEF JOSEPH MOKWA and**
**RECONSIDERATION OF THE DENIAL OF THE**
**MOTION TO DISMISS DEFENDANT MOKWA**

**MOTION TO QUASH**

*Plaintiffs have a specific need to depose Police Chief Joseph Mokwa.  His testimony is certain to lead to the discovery of admissible evidence and there is not a less burdensome or obtrusive source of the information about which he will be asked.*

The First Amended Complaint For Damages, which names Police Chief Joseph J. Mokwa, in its "Introduction and Factual Background" demonstrates why Plaintiffs have a specific need to depose Chief Mokwa.  Defendant Mokwa was knowledgeable about the fact that the World Agricultural Forum (hereinafter, "WAF") planned for May 16, 2003, in St. Louis, Missouri was likely to attract individuals such as Plaintiffs to protest at the WAF.  Plaintiffs allege that Chief Mokwa, along with other highly placed figures in City government, orchestrated a plan to use pretextual detentions and arrests to intimidate, deter, and silence Plaintiffs and others similarly situated from lawfully exercising rights guaranteed to them under both the federal and state constitutions.

Unlawful searches and seizures, effected by other Defendants in the lawsuit, were a by-product of the plan to keep St. Louis "buttoned down." At all times relevant to the case at bar, Chief Mokwa was the highest ranking Police Officer in the City of St. Louis.

After intimating that the effort to depose Chief Mokwa is an example of "undue and uncontrolled discovery," Defendant cites three cases (only two of which are from this circuit) in support. The case of *Bituminous Materials Inc. v. Rice County Minnesota,* 126 F. 3d 1068 (8th Cir. 1997) was one in which a road paving contractor brought an action against Rice County, challenging the county's restrictions on operation of the contractor's temporary asphalt plant. The district court entered summary judgment for the county. The contractor appealed; the Eighth Circuit held that the contractor did not have a protected property interest in the operation of the plant; the county's restrictions did not violate equal protection; and the restrictions did not impermissibly interfere with interstate commerce. The Eighth Circuit acknowledged that there may be cases where land use decisions are so corrupted by the personal motives of local government officials, due process is implicated. But, a land use planning decision maker's dislike of the contractor did not raise substantive due process concerns.

The contractor had argued that it was an abuse of discretion to bar deposition discovery regarding the county commissioners' motives for the actions in question. The Eighth Circuit disagreed in light of the fact that the County had provided transcripts of the relevant board meetings and the contractor's unsupported allegations of personal animus did not warrant burdensome depositions of the government officials. *Id* at 1071 n.2.

In *Sweeney v. Bond,* 669 F.2d 542 (8th Cir. 1982) plaintiffs had alleged they were dismissed from their positions as fee agents for the State of Missouri because of their political affiliation and in violation of the first amendment.  The Eighth Circuit affirmed the trial court decision that fee agents were not state employees (rather, they were more in the nature of independent contractors or franchisees) and consequently were not protected from dismissal based on political affiliation.  One of the plaintiffs' points on appeal was whether the district court erred by refusing to require Governor Bond to submit to deposition.  The district court held that the Governor's qualified immunity protected him from deposition absent a showing by plaintiffs of a specific need.  The Eighth Circuit held that the district court did not abuse its discretion in requiring plaintiffs to show specific need for the information in this case given the finding of qualified immunity and the lack of showing that the Governor possessed information essential to plaintiffs' case, which could not be obtained from the director of the department of revenue (under which fee agents served) or other staff members.  *Id* at 546.

Chief Mokwa is not shielded by qualified immunity in this matter.  Moreover, deposition testimony from the City of Saint Louis-Department of Public Safety- Building and Inspection Division revealed that, weeks prior to the scheduled WAF, the Saint Louis Metropolitan Police Department with Chief Mokwa at the helm, convened a meeting to which various Departments of the City of Saint Louis were invited. The meeting focused on readying Saint Louis to host the WAF sans any disruption from protestors.  Employees of the Department of Pubic Safety- Building and Inspection Division were in attendance at said meeting.

Defendant cites to a case from a sister circuit, which Defendant characterizes as a "similar case," *Olivieri v. Rodriguez,* 122 F.3d. 406 (7th Cir. 1997).  In *Olivieri*, a probationary Chicago police officer fired on grounds of having sexually harassed female probationers at the police training academy, sued the police superintendent under 42 U.S.C. § 1983.  The probationer claimed that denying him a hearing into the harassment charges deprived him of a liberty interest without due process by preventing him from obtaining other employment as a police officer.  There was no evidence in the case that the superintendent disclosed to anyone that the officer was discharged for sexual harassment of female officers.  The Seventh Circuit affirmed the district court's refusal to permit the plaintiff to depose the defendant superintendent until the plaintiff submitted written interrogatories, the answers to which would indicate whether deposing the defendant would serve a useful purpose, i.e., there were some reason to believe that a deposition would produce or lead to admissible evidence.

In the case at bar, it is Plaintiffs' position that the arrests of the two groups of Plaintiffs for "occupying a condemned building" and "bicycling through Tower Grover Park without a license" were a pretext for the Police Chief's and Mayor's desire to thwart Plaintiffs' efforts to demonstrate at the WAF.  Members of the Police Department were acting and reacting on a theory that Plaintiffs' planned a non-peaceful demonstration and reacted accordingly.  See, *Northwestern University v. The City Evanston,* 20001 WL 743756 (N. D. Ill.) (not reported in F. Supp. 2d) (University brought declaratory judgment action against city under Section 1983, asking court to declare illegal the city's designation of a local historic district and to enjoin the city from enforcing the ordinance which created the district.  Relying on *Olivieri,* magistrate

quashed deposition notices for the mayor and city manager of Evanston on basis that "busy public officials should not be burdened with discovery unless there is some reason to believe that deposition will produce or lead to admissible evidence."  District court, pursuant to Fed. R. Civ. P. 72(a), overturned magistrate's decision, holding that both the mayor and the city manager possessed relevant information concerning the creation of a local historic district and the city's motivation for doing so).

Federal Rule of Civil Procedure 26(c) requires "good cause" be shown before a protective order is issued.  Therefore, the burden is upon the movant to show the necessity of its issuance, "which contemplates 'a particular and specific demonstration of fact; as distinguished from stereotyped and conclusory statements." *General Dynamics Corp. v. Selb Manufacturing Co.,* 481 F.2d 1204, 1212 (8th Cir. 1973) (internal citation omitted) (owner of corporation unsuccessfully sought protective order to avoid answering interrogatories based on risk of self incrimination).  Consideration of the relative hardship to the non-moving party should the protective order be granted, must factor into the determination.  *Id.*

Chief Mokwa's testimony will undoubtedly lead to the discovery of admissible evidence and is pertinent to material issues in this lawsuit.  In addition, Plaintiffs contend that a deposition will be most efficient and the information to be gleaned from it, not otherwise effectively available.  See, *United States v. Miracle Recreation Equipment Co.,* 118 F. R. D. 100, 104-05 (S. D. Ia. 1987) (order to vacate notice to take depositions is viewed as unusual and unfavorable; generally, one is required to show both that there is likelihood of harassment and that information sought is fully irrelevant before a party is altogether denied the right to take an individual's deposition;

acknowledges high government officials enjoy limited immunity from being deposed in matters about which they have no personal knowledge).

In summary, the deposition of Chief Mokwa is necessary and well within the contemplation of the purpose of deposition discovery rules:  adequately informing litigants in civil trials.  See, *Schlagenhauf v. Holder,* 379 U.S. 104, 114-15 (1964).  Thus, Plaintiffs respectfully request that the Motion to Quash be denied.

## MOTION TO RECONSIDER

Defendant has not presented adequate grounds to "reconsider" a prior ruling; Defendant's reargument of entitlement to qualified immunity does not require a different disposition of his Motion to Dismiss than this court rendered in its December 2005 Order.  Defendant has not cited legal authority for its motion to reconsider what is essentially an interlocutory order.  Usually, such a motion is based on either 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  These rules are applicable to "final" orders.  Courts do reconsider interlocutory or "non-dispositive" orders.  See, *Viehweg v. Mello,* 5 F. Supp.2d 752 (district court has inherent power to reconsider and modify an interlocutory order any time prior to entry of judgment); *Ideal Instruments v. Rivard Instruments,* 434 F. Supp. 2d. 640, 646-47 (N. D. Ia. 2006).

The court in *Ideal Instruments* analyzed the authority for reconsideration under Rule 54(b).  The court questioned the standards to be applied on such reconsideration and answered,  "while the standards for reconsideration of interlocutory orders may be less 'exacting' than the standards for reconsideration of final orders under Rules 59(e) and 60(b), this court has held that the court should "look to the kinds of consideration under those rules for guidance.'"  *Id* at 647 (internal citation omitted.)  Here, Defendant

has not pointed to any of the recognized grounds for reconsideration, e.g., mistake, inadvertence, excusable neglect, newly discovered evidence, fraud.  Thus, Plaintiffs respectfully request that this Court exercise its discretion to deny reconsideration of the Motion to Dismiss.  (Denial of motion to reconsider reviewed for abuse of discretion.  *In re: General American Life Insurance Company Sales Practices Litigation*, 391 F.3d 907 (8th Cir. 2004)).

Respectfully submitted,

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By**:   /s/Gary R. Sarachan                  **
ACLU/EM Cooperating Attorneys for
Plaintiffs, on behalf of the American Civil
Liberties Union of Eastern Missouri
Gary R. Sarachan, MBE# 25683 EDMO #44264
Sheila Greenbaum, MBE #25422 EDMO#504517
7701 Forsyth Boulevard, Fourth Floor
St. Louis, Missouri  63105
Telephone:  (314) 721-7701
Facsimile:   (314) 721-0554

Rory Ellinger, Esq.
Kenneth Blumenthal, Esq.
Ellinger & Associates, P.C.
797 West Terra Lane
O'Fallon, Missouri 63366
**Co-Counsel for Plaintiffs**

William Quick, Esq.
7751 Carondelet, Suite 403
St. Louis, Missouri 63105
**Co-Counsel for Plaintiffs**

Anthony E. Rothert, Esq.
ACLU of Eastern Missouri
4557 Laclede Avenue
St. Louis, MO  63108
**Co-Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February 2007, a copy of the foregoing Opposition to Motion to Quash was electronically filed with the Court to be served by operation of the Court's electronic filing system upon the following:

Carl W. Yates, III, Esq.
Associate City Counselor
City of St. Louis, Missouri
City Counselor's Office
1200 Market Street, Room 314
St. Louis, Missouri 63103
E-Mail:  yatesw@stlouiscity.com
**Attorney for Defendants Francis G. Slay, Mary A. Hart,
Lyle Maninger, Dennis Melton, John MacNulty, City of St. Louis
and the St. Louis Building & Zoning Commission**

Denise L. Thomas, Esq. - Assistant Attorney General
Attorney General's Office
815 Olive Street, Suite 200
St. Louis, Missouri 63101
E-Mail: denise.thomas@ago.mo.gov
**Attorney for Defendants Board of Police Commissioners,
Mokwa, Blansitt, Seever, Engelhardt, Cuvcuotte, Bockstruck and Hall**


 **/s/Gary R. Sarachan**