UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ADAM APPEL, et al.,            )
                               )
        Plaintiffs,            )
v.                             )   Case No:  4:05CV772 SNL
                               )
THE CITY OF ST. LOUIS, et al., )
                               )
        Defendants             )

**PLAINTIFFS' OPPOSITION TO MOTION TO QUASH
DEPOSITION NOTICE OF MAYOR FRANCIS SLAY and
RECONSIDERATION OF THE DENIAL OF THE
MOTION TO DISMISS DEFENDANT SLAY**

**MOTION TO QUASH**

Defendant Mayor Slay has moved to quash his scheduled deposition.  He states that his reasons are "substantially identical to those set forth by Chief Mokwa."  In support of his Motion, Mayor Slay cites the same cases as were cited by Chief Mokwa.  Plaintiffs, likewise, believe that those cases are distinguishable for the reasons indicated in their Opposition to Motion to Quash Chief Mokwa's Deposition.  Consequently, Plaintiffs will not reiterate those points, but, rather, will comment on why Mayor Slay's deposition is specifically needed.

In the Metro Sunday section of the *St. Louis Post-Dispatch*, of May 18, 2003, a headline appeared which read, "Protests are feared today at agriculture meeting."  The article quoted a written statement issued by Mayor Slay the day before:  "The vast majority of people who came to St. Louis to protest are peaceful and well intentioned.  But there is no doubt that there is a small cadre within the group that came to St. Louis

1

Case: 4:05-cv-00772-SNLJ   Doc. #:  98   Filed: 03/06/07   Page: 2 of 4 PageID #: 974

with the intention of disrupting lives and damaging property." The article also indicated that Mayor Slay said he supported police in their efforts to prepare for the weekend.

Mayor Slay is a member of the St. Louis Board of Police Commissioners. Defendants have listed members of the St. Louis Board of Police Commissioners as "witnesses likely to have discoverable information that Defendants may use to support their claims or defenses," in their initial Rule 26 Disclosures and in their First Amended Mandatory Disclosures pursuant to Rule 26(a)(1)(A). Mayor Slay was in a unique position in that he had, in effect, a liaison role as Chief Executive of the City of St. Louis, who also had a seat on the Board charged with both preserving the public peace, preventing crime and arresting offenders, as well as protecting the rights of persons and property (§84.090 R.S.Mo.). Plaintiffs have a specific need to depose Mayor Slay; his testimony is certain to lead to the discovery of admissible evidence and there is not a less burdensome or obtrusive source of the information about which he will be asked.

Federal Rule of Civil Procedure 26(c) requires that the party opposing discovery show that "good cause" exists for issuing a protective order. The "good cause" requirement is strict. The party seeking protection must make a particularized factual showing of the harm that would be sustained if the court does not grant a protective order. See, Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts,* Harvard Law Review, Dec. 1991 at 433 (citing *General Dynamics Corp. v. Selb Mfg.,* 481 F.2d 1204 (8th Cir. 1973)). Defendant has not made such a showing.

The deposition of Mayor Slay is necessary and well within the discovery rules. See Fed. R. Civ. P. 26(b)(1) (in order to fulfill discovery's purposes of providing both

parties with "information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement"). Thus, Plaintiffs respectfully request that the Court exercise its discretion to deny the Motion to Quash. See, *A.C. Aukerman Co. v. R. L. Chaides Const. Co.,* 960 F.2d 1020, 1039 (Fed. Cir. 1992) (en banc) (when standard of review is abuse of discretion, appellate court may set aside discretionary decision if decision rests on erroneous interpretation of law or clearly erroneous factual underpinnings; if such error is absent, determination can be overturned only if trial court's decision represents unreasonable judgment in weighing relevant factors) (context, standard of review for conclusion of laches).

## MOTION TO RECONSIDER

A trial court has the inherent power to reconsider and modify an order any time prior to entry of judgment. See, *Viehweg v. Mellow,* 5 Fd. Supp.2d 752, 757 (Ed. Mo. 1998). Nevertheless, as Defendant has not pointed to any of the recognized grounds for reconsideration (see, Fed. R. Civ. P. 60(b)), Plaintiffs respectfully request that this Court exercise its discretion to deny reconsideration of the Motion to Dismiss.

    Respectfully submitted,

    **CAPES, SOKOL, GOODMAN &**
    **SARACHAN, P.C.**

    By**:  /s/Gary R. Sarachan**
    ACLU/EM Cooperating Attorneys for
    Plaintiffs, on behalf of the American Civil
    Liberties Union of Eastern Missouri
    Gary R. Sarachan, MBE# 25683 EDMO #44264
    Sheila Greenbaum, MBE #25422 EDMO#504517
    7701 Forsyth Boulevard, Fourth Floor
    St. Louis, Missouri  63105
    Telephone:  (314) 721-7701
    Facsimile:   (314) 721-0554

>Rory Ellinger, Esq.
>Kenneth Blumenthal, Esq.
>Ellinger & Associates, P.C.
>797 West Terra Lane
>O'Fallon, Missouri 63366
>**Co-Counsel for Plaintiffs**
>
>William Quick, Esq.
>7751 Carondelet, Suite 403
>St. Louis, Missouri 63105
>**Co-Counsel for Plaintiffs**
>
>Anthony E. Rothert, Esq.
>ACLU of Eastern Missouri
>4557 Laclede Avenue
>St. Louis, MO  63108
>**Co-Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March 2007, a copy of the foregoing Opposition to Motion to Quash Deposition Mayor Francis Slay was electronically filed with the Court to be served by operation of the Court's electronic filing system upon the following:

>Carl W. Yates, III, Esq.
>Associate City Counselor
>City of St. Louis, Missouri
>City Counselor's Office
>1200 Market Street, Room 314
>St. Louis, Missouri 63103
>E-Mail:  yatesw@stlouiscity.com
>**Attorney for Defendants Francis G. Slay, Mary A. Hart,
>Lyle Maninger, Dennis Melton, John MacNulty, City of St. Louis
>and the St. Louis Building & Zoning Commission**
>
>Denise L. Thomas, Esq. - Assistant Attorney General
>Attorney General's Office
>815 Olive Street, Suite 200
>St. Louis, Missouri 63101
>E-Mail: denise.thomas@ago.mo.gov
>**Attorney for Defendants Board of Police Commissioners,
>Mokwa, Blansitt, Seever, Engelhardt, Cuvcuotte, Bockstruck and Hall**

        **/s/Gary R. Sarachan**